Ogg *et al. v.* Tate.

---

## Ogg et al. *v.* Tate.

MECHANIC'S LIEN.—*Pleading.*—The sale and delivery of materials to be used in the erection of a building and their use for such purpose could not authorize the seller to acquire a mechanic's lien on such building and the land whereon it was erected, for the unpaid price of such materials, where it did not appear that the person to whom the materials were furnished was other than a mere stranger, acting without the knowledge or consent of the owner of the land.

From the Hancock Circuit Court.

*H. J. Dunbar,* for appellants.

*M. Marsh, R. A. Black* and *B. F. Davis,* for appellee.

PETTIT, J.—This suit was brought by Warren Tate, the appellee, against the appellants, John R. Reeves, Adams L. Ogg and Letta Longnaker. The following is the substance of the complaint:

The plaintiff sold and delivered to Reeves, at his special instance and request, a quantity of lumber described, and said materials furnished to Reeves were of the value of two hundred and three dollars, for which Reeves agreed to pay the plaintiff at thirty days. And plaintiff says that said materials were so furnished in the month of September, 1871, and were furnished by the plaintiff for building a dwelling-house then being erected in Hancock county, Ind., then and now owned by Ogg and Longnaker. Said building was being erected on certain lands described, and said house is situated on said premises, and said materials were used therein. Prayer for judgment, and that it be a lien on the land of Ogg and Longnaker, and that it may be sold to pay the lien.

An account against Reeves for the amount of the lumber and a notice of a mechanic's lien are filed with the complaint. Reeves paid no attention to the case, and no judgment was rendered against him; but after issue joined as to the other defendants, there was a verdict, judgment and decree fixing a lien on their lands for one hundred and sixty-five dollars and costs, ordering sale, etc.

The sufficiency of the complaint, as to Ogg and Longnaker, is properly before us. We hold that it was not sufficient, for the reasons that it does not show or charge that Reeves was the agent, builder or architect of Ogg and Longnaker, or that they had contracted for the erection of the building or had any knowledge that materials were being furnished for building a house on their land, or that such a building was needed or would be useful on the land, or that they or either of them were residents of the county or State. We hold that a mere stranger cannot purchase materials for the erection of a house on the lands of another, without his knowledge or consent, and thereby create a mechanic's lien

on such real estate. We need not notice other objections taken to the complaint.

The judgment is reversed, at the costs of the appellee, with instructions to sustain the demurrer to the complaint.