White *et al. v.* Stanton *et al.*

No. 12,924.

WHITE ET AL. *v.* STANTON ET AL.

MECHANIC'S LIEN.—*Notice of Intention to Hold.—Description of Real Estate.*—The notice of an intention to hold a mechanic's lien may include more land than ought to be sold to discharge the lien, and where, in such notice, the intention is declared to hold a lien on several lots, the numbers of which are given, and "the dwelling-house erected thereon," it is sufficiently definite in that regard.

SAME.—*Description in Notice Aided by Averments of Complaint.*—Where the description of the real estate, in a notice of an intention to hold a mechanic's lien, is so defective as to be insufficient of itself to identify any particular tract of land, but, with the aid of proper averments, it can be rendered definite and certain by the introduction of extrinsic evidence, it will be held sufficient for the purpose intended, and a true description may be supplied at the hearing.

SAME.—*Invalid Notice.*—Where the description in such a notice is so uncertain as to afford no clue to a more definite and correct description, no lien is acquired.

SAME.—*Defective Notice Cured by Averments.—Judicial Knowledge.*—Where a notice of intention to hold a mechanic's lien failed to disclose the county and State in which the real estate upon which the lien was claimed was situate, but the complaint for the foreclosure of the lien averred that the land was situate in the county where the action was pending, that the parties all resided in that county when the notice was filed, and that the notice was recorded in the recorder's office of the same county, these averments, taken in connection with the judicial knowledge of the court that a section of land, corresponding generally with the one described in the notice, lies within that county, are sufficient to supply the defect.

From the Porter Circuit Court.

*J. H. Gillett,* for appellants.

*E. D. Crumpacker* and *P. Crumpacker,* for appellees.

NIBLACK, J.—Complaint by Levi F. White and Theron H. Bell, partners doing business under the name and style of White & Bell, against Aaron Stanton, Caroline Stanton, Sarah Malone and John Hansford, to enforce a lien against real estate.

The complaint charged that, prior to the 4th day of June,

1885, the defendant Aaron Stanton purchased a bill of lumber of the plaintiffs at and for the price of sixteen dollars and eighty-one cents; that said lumber was purchased to be, and was in fact, used in the construction of a building situate on the following real estate in Porter county, in this State, to wit: The east half of the northwest quarter of section sixteen (16), in township thirty-five (35) north, and in range five (5) west, and otherwise described as lots Nos. one (1), four (4), five (5) and ten (10), in said section sixteen; that at the time of said sale, and the use of said lumber in said building, the said Aaron Stanton was the owner in fee-simple of said real estate; that afterwards, and within sixty days after the purchase of said lumber, the plaintiffs executed, and caused to be recorded in the mechanic's lien record of said county, a notice of their intention to hold a lien on the real estate above described, a copy of which notice was filed with and made a part of the complaint; that the parties to said complaint were residents of, and the real estate therein described was and still is situate in, said county of Porter; that by mistake the county in which said real estate was situate was not stated in said notice, but that said real estate was well known to the citizens of said county of Porter by the description contained in said notice; that the amount for which said lumber was sold was still due and unpaid; that the defendant Caroline Stanton was the wife of her co-defendant Aaron Stanton, and claimed to have become the owner of said real estate by a conveyance subsequent to the accruing of the lien of the plaintiffs; that the defendant Hansford had purchased a part of said real estate from said Caroline and still owned the same; that the defendant Sarah Malone claimed some interest in said real estate junior to the lien of the plaintiffs. Wherefore a judgment against said defendant Aaron Stanton and the foreclosure of said alleged lien were demanded.

The copy of the notice filed with the complaint was as follows:

" *To Aaron Stanton, Caroline Stanton, and others concerned :*

" You are hereby notified that we intend to hold a mechanic's lien on lots one (1), four (4), five (5) and ten (10), in block two (2), in section sixteen (16), township thirty-five (35) north, range five (5) west, containing eighty acres, more or less, as well as the dwelling-house erected thereon by ———, for the sum of sixteen and $\frac{81}{100}$ ($16.81) dollars, and materials furnished by us in the erection and construction of said house, which materials were done and furnished by us at your special instance and request, and within the last sixty days.                    WHITE & BELL.

" June 4th, 1885."

The defendants Caroline Stanton and Sarah Malone demurred separately and severally to the complaint, and, their demurrers being sustained, they had final judgment upon demurrer.

This appeal, therefore, presents only the question of the sufficiency of the complaint as against the said Caroline Stanton and Sarah Malone.

The objection urged to the complaint is based upon the alleged insufficiency of the notice to create a lien upon the land, or any part of it, described in that pleading, and particularly as against subsequent purchasers or junior encumbrancers.

It is claimed in support of this objection that the notice is fatally defective on account of its failure :

*First.* To state the particular lot or parcel of land upon which the dwelling-house was located.

*Secondly.* To name the county and State within which the land attempted to be described was situate.

There was nothing in the phraseology of the notice which excluded the inference that the lots described by it did not lie compactly together, with the dwelling-house resting partly upon each. On the contrary, the fair inference, from the words used, was that the four lots named comprised as an entirety an eighty-acre tract of land, on some part of which

the house was erected, which tract in turn constituted a part of section sixteen (16), in township thirty-five (35) north, and of range five (5) west.

This was sufficient to put all parties interested upon their inquiry as to which particular lot, if any one, the house was situate upon.

The question as to which particular tract of land, and how much, shall be subjected to the operation of a mechanic's or material man's lien is one for the court after hearing the evidence, and hence the notice of an intention to hold such a lien may include more land than ought to be sold to discharge the lien. Generally, so much land, and only so much, will be included in and subjected to the lien as will, under the circumstances, be held proper and necessary to the use and enjoyment of the particular house in question. Overton Law of Liens, p. 585.

The notice in this case referred to the dwelling-house as having been erected on all the lots contained in it, and that was sufficiently definite as to its particular location for all the purposes for which a notice in such cases is required. As applicable to the description of real estate in a deed or a mortgage the rule is, that where the description is so uncertain as to afford no reliable clue to a more definite and correct description, no title passes, or lien is acquired, as the case may be; but that where the description, though too defective and insufficient of itself to identify any particular tract of land, can, nevertheless, be aided by proper averments and rendered definite and certain by the introduction of extrinsic evidence in support of such averments, it will be held to be sufficient for the purpose intended, and a true description will be supplied at the hearing. *Rucker* v. *Steelman*, 73 Ind. 396; *Tindall* v. *Wasson*, 74 Ind. 495; Jones Mort., sections 65, 66 and 1462.

The same rule applies to the description of lands in notices of an intention to hold a mechanic's or material man's

lien. *City of Crawfordsville* v. *Johnson,* 51 Ind. 397; *Kealing* v. *Voss,* 61 Ind. 466; *Newcomer* v. *Hutchings,* 96 Ind. 119.

A clear distinction is, consequently, recognized by the authorities between descriptions which are radically and incurably uncertain, and those which, by the means referred to, may be rendered definite and certain.

The complaint in this case averred that the land is situate in Porter county, in this State; that the parties all resided in that county when the notice of an intention to hold a lien was filed, and that the notice was recorded in the recorder's office of the same county. These averments, when taken in connection with the fact that we know judicially that a section of land corresponding generally with the one described in the notice lies within the county of Porter, were sufficient to supply the defect arising out of the failure of the notice to designate the county and State within which the land and dwelling-house were situate.

Our conclusion, therefore, is that the notice in question contained a defective and incomplete description of the real estate which it intended to describe, but not a wholly uncertain description, and that, in consequence, the demurrers to the complaint were erroneously sustained. *Dutch* v. *Boyd,* 81 Ind. 146.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

Filed Sept. 21, 1887.