No. 14,619.

## McNAMEE v. RAUCK ET AL.

128  59
131  190
128  59
144  100

MECHANIC'S LIEN.—*Notice.*—*Description.*—A notice of intention to hold a mechanic's lien described the property as the "east half of the northwest quarter of section 36, township 15, range 13; also the west half of the southwest quarter of section 25, township 15, range 13." The correct description was the "northeast quarter of section 26, in township 15, range 13, except fifty acres out of the northwest corner."

*Held,* that the description, aided by the reference to the house itself which the notice contained, made the identification complete, notwithstanding the mistake in the designation of the section, and that the notice was sufficient as against judgment creditors claiming a superior lien.

From the Wayne Circuit Court.

*C. H. Burchenal* and *J. L. Rupe,* for appellant.

*J. F. Kibbey, H. U. Johnson, H. C. Fox* and *J. F. Robbins,* for appellees.

MILLER, J.—A single error is alleged, and that is assigned upon the ruling sustaining the several demurrers of the appellees to the complaint. The material facts stated as the cause of action may be thus summarized: Mary Jane Rauck was the owner of an undivided interest in, and in occupancy of, a tract of land in Wayne county; that the appellant, upon her employment, furnished the material and built upon the land a dwelling-house, which was completed, accepted and occupied by her in January, 1888; that, with intent to acquire a lien upon the land and building, for his work and material furnished, the appellant caused inquiry to be made of the recorder of the county as to the description of the land owned and occupied by her; and having obtained, as he supposed, a correct description of the same, he made out and filed in the recorder's office of Wayne County the following notice:

"Mary J. Rauck: Take notice, that I intend to hold a lien on the east half of the northwest quarter of section 36, township 15, range 13; also the west half of the southwest

quarter of section 25, township 15, range 13, of Wayne county, Indiana, and on the *house* thereon situate, for the sum of one thousand dollars due me this day from you, for the building of said house and the furnishing of the material thereof by me at your request, which said work was furnished on the — day of ———, 1888.

"This 14th day of January, 1888.

"EMERY M. McNAMEE."

Which notice was, on the 16th day of January, 1888, duly recorded; that the notice did not correctly describe the land owned and occupied by the appellant Rauck; that there are no such lands or sections in said township and range in Wayne county, but that said Rauck did at the time own an interest in and occupy the following described real estate in Wayne county, to wit: All of the northeast quarter of section 26, in township 15, range 13, except fifty acres out of the northwest corner thereof owned by J. B. Pierce; that she did not own or occupy any other lands in Wayne county, nor had any other house been erected for her; that the appellant intended to and thought he had placed a lien upon the property she owned and occupied, and upon which he had erected the dwelling-house; that before discovering his mistake, he caused an action to be instituted in the Wayne Circuit Court for the foreclosure of the lien, and such proceedings were had that on the 16th day of March, 1888, he recovered a judgment against her for $948 and costs, and a decree for the sale of the real estate described in the notice; that while the above action was pending, the other appellees brought suit in the Wayne Circuit Court, on simple contracts for the payment of money, against the appellee, Mary J. Rauck, and severally obtained judgments against her, prior to March 16th, for an amount exceeding the value of the interest of said Mary J. in the land; that at the time of bringing the said actions and the recovery of the judgments, they and each of them had full notice and knowledge of the foregoing facts; that said appellees claim that their

McNamee *v.* Rauck *et al.*

judgments are liens against the lands of said Mary J. Rauck, prior and superior to that of the appellant. The prayer for relief is for the reformation and correction of the notice; that a lien be declared in favor of the plaintiff superior to the judgments of the defendants and for a foreclosure.

The rule usually adopted by the courts as standards by which the adequacy of a description, in a notice of lien, is to be tested is, that if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described, with reasonable certainty to the exclusion of others, it will be sufficient. Phil. Mech. Liens, section 379. It has also been held that the same rule applies to the description of lands in notices of an intention to hold a mechanic's or material man's lien that appertains to descriptions in deeds and mortgages. *White* v. *Stanton,* 111 Ind. 540.

Where the description is so uncertain as to afford no reliable clue to a more definite and correct description, no lien is acquired; but where the description, though too defective and insufficient of itself to identify any particular tract of land, can, nevertheless, be aided by the introduction of extrinsic evidence in support of such averments, it will be held to be sufficient for the purpose intended, and a true description will be supplied at the hearing. *White* v. *Stanton, supra.*

Courts are reluctant to set aside a mechanic's claim merely for loose description, as the acts generally contemplate that the claimants should prepare their own papers; and it is not necessary that the description should be either full or precise. Phil. Mech. Liens, section 379. But when the description is void for uncertainty on its face, parol evidence is inadmissible to remedy the defect. *Munger* v. *Green,* 20 Ind. 38.

The principle drawn from the authorities seems to be this: That a description in a notice of lien can not be supplied

by oral evidence, but that an ambiguity may be explained and the premises identified.

The appellees cite and rely upon the case of *Lindley* v. *Cross*, 31 Ind. 106, where by a misdescription lots "3 and 4" were described as lots "6 and 7." An effort was made to correct the misdescription, in the action to foreclose, by alleging a mistake and showing that no third persons had acquired rights that would be affected by a correction of the mistake. It was held that the lien of the mechanic or material man is created by statute, and that the statute must be complied with; and that the court had no power to reform it.

This case has never been overruled or even criticised, but the later cases in this court, as we shall have occasion to point out, manifest a disposition to depart from the strict rule therein indicated.

The view we take of the statute regulating notices of mechanics' liens (Elliott's Supp., section 1690) renders it unnecessary for us to undertake to harmonize the decisions upon this question.

The statute in force when the case of *Lindley* v. *Cross*, *supra*, was decided (2 G. H., p. 299, section 650) was silent upon the subject of the description of real estate. And in all the changes and additions to this section from 1838 to 1883, no provision was made prescribing the requisites of a description of real estate in such notices.

In the amendment made to this section by the act approved March 6th, 1883, it is provided that the notice shall give "a substantial description of such lot or land on which the house, mill, manufactory, * * * or other structure may stand or be connected with, or to which it may be removed. Any description of the lot or land in a notice of lien will be sufficient, if, from such description or any reference therein, the lot or land can be identified."

This provision was doubtless intended to simplify the method of establishing liens, and being remedial in its nature

should be construed largely and beneficially so as to advance the remedy. *Marion Tp., etc., Co.* v. *Norris,* 37 Ind. 424 ; Suth. Stat. Const., section 410.

The trend of the later decisions, as well as of legislation, is in the direction of a liberal enforcement of the law giving mechanics and material men a lien upon property made valuable by their labor and material. In *De Witt* v. *Smith,* 63 Mo. 263, it is said : " The courts at one time were inclined to hold that enactments for mechanics' liens were in derogation of the common law, and their provisions should therefore be construed strictly against those who sought to avail themselves of their benefits. But the better doctrine now is, that these statutes are highly remedial in their nature, and should receive a liberal construction to advance the just and beneficent objects had in view in their passage."

We are then to examine the notice to determine whether, from the description or any reference therein, the land can be identified. That the land is correctly described by township and range is undisputed, but the other descriptions, according to the allegations of the complaint, are contradictory and can not both stand. Although contrary to the general rule that words of particular description will control more general terms when both can not stand together, we think that, taking into consideration the situation of the parties, as disclosed, it is much more reasonable to suppose that the mistake was in the designation of the section and other minor subdivisions of the congressional survey, which few are able to keep in mind, than in the name of the county in which the land was situate.

By rejecting then the false description, we have the lands described by township, range and county. This would not be a sufficient description, but the statute says that if from " any reference " in the notice the land can be identified it will be sufficient. The notice refers to the land, upon which the lien was to be held, as that upon which the house was situate which was built by the appellant for the owner at

her request, for which building and the material furnished therefor, she owed him $1,000. Giving also the date when the work was performed.

We are not without authority as to the use to which the building erected by the mechanic or for which material was furnished may be put as an identification of the premises mentioned in the notice of lien. In *City of Crawfordsville* v. *Johnson,* 51 Ind. 397, the notice was held sufficient because the new building showed what part of the lot it covered for which the labor and material were furnished

In *Newcomer* v. *Hutchings,* 96 Ind. 119, the notice was for a building on lots numbered 9 and 10, the building was erected on lots 10 and 11; the location of the building was held to be a sufficient identification of the premises, notwithstanding the misdescription of one of the lots in the notice.

In *White* v. *Stanton, supra,* the notice was for materials of a dwelling house on several lots and eighty acres of land. The names of the State and county within which the land was situate were not given. The court held that inasmuch as the notice referred to the dwelling-house as having been erected on all the lots, it was sufficient.

It appears also from the complaint that no other property answers the description in the notice, which is said to aid what might otherwise be an insufficient description. Phil. Mech. Liens, section 382.

We are of the opinion that, as against the appellants, the notice, when taken in connection with the extrinsic facts averred in the complaint, was sufficient to create a lien.

The judgment creditors are not innocent purchasers, but hold their lien subject to all prior liens and equities. *Armstrong* v. *Fearnaw,* 67 Ind. 429 ; *Foltz* v. *Wert,* 103 Ind. 404.

We are also of the opinion that the appellant is not precluded by the judgment rendered against the appellee Rauck from again foreclosing his lien. *Conyers* v. *Mericles,* 75 Ind. 443 ; *McCasland* v. *Ætna Life Ins. Co.,* 108 Ind. 130.

The judgment is reversed, with costs, and the court below instructed to overrule the demurrers to the complaint, and to proceed in accordance with this opinion.

