Filed Nov. 22, 1893.

---

No. 952.

## DALTON ET AL. *v.* HOFFMAN ET AL.

MECHANIC'S LIEN.—*Notice.*—*Sufficiency of Description.*—*Materialman.*
—A notice of intention to hold a materialman's lien, which described the property as "lot 6, 7 or 8 in Pray and Hunt's addition to the city of Indianapolis, Indiana, on the west side of Quince street, and about three-fourths of a square south of Prospect street," etc., is a sufficient description, being sufficiently certain "to enable a party familiar with the locality to identify the premises intended to be described, with reasonable certainty."

Dalton *et al. v.* Hoffman *et al.*

SAME.—*Complaint, Sufficiency of.—Notice.—Variance.—Description.*— In such case, where the complaint based upon the notice avers that lot 6 was the one on which the building was erected, the complaint makes a *prima facie* case, and the question as to whether the description in the complaint is at variance with that in the notice should be submitted for trial.

From the Marion Superior Court.

*J. Coburn,* for appellants.

*C. S. Willsie* and *J. W. Kealing,* for appellees.

REINHARD, J.—This action was instituted by the appellants, against the appellees, for the foreclosure of a materialman's lien. The only error assigned is the sustaining of the demurrer to the appellants' complaint.

It is shown by the complaint that the appellants, who are lumber dealers in the city of Indianapolis, furnished one Van Eaton, who was a defendant below, the materials for the wood work of a dwelling house, which materials were used by said Van Eaton in the construction of a dwelling house of the appellee Mary Hoffman, for the building of which he was the contractor. Henry Hoffman, the husband of Mary, was also made a party defendant, and is one of the appellees here.

The only infirmity claimed to exist in the complaint is in respect to the description of the property forming the subject of the lien, contained in the notice upon which the complaint is founded, and of which it is made a part. We are not favored with a brief by the appellees, but are informed by appellants' brief that the court below held the notice insufficient on account of a defective description of the premises. The notice is as follows:

"SEPTEMBER 28, 1891.

"To Mrs. Mary Hoffman, No. 8 Quince street, and all others concerned:

"You are hereby notified that we intend to hold a

mechanic's lien on lot 6, 7 or 8, in Pray and Hunt's addition to the city of Indianapolis, Indiana, on the west side of Quince street and about three-fourths of a square south of Prospect street, owned by you, as well as upon the dwelling house recently erected thereon by you, for the sum of two hundred and fifty dollars and thirty-three cents, for work and labor done and materials furnished by us in the erection and construction of said house; which work and labor done and materials furnished, was done and furnished by us at your special instance and request, and within the last sixty days.

"(Signed)   N. F. DALTON,

"For N. F. DALTON & Co."

It has often been decided in this State that the description of the premises in a notice of a lien of this character should be sufficiently certain to ascertain and locate the same. *Howell* v. *Zerbee*, 26 Ind. 214; *Munger* v. *Green*, 20 Ind. 38; *Caldwell* v. *Asbury*, 29 Ind. 451; *Caldwell* v. *Asbury*, 46 Ind. 438; *City of Crawfordsville* v. *Johnson*, 51 Ind. 397; *City of Crawfordsville* v. *Boots*, 76 Ind. 32; *White* v. *Stanton*, 111 Ind. 540; *McNamee* v. *Rauck*, 128 Ind. 59.

This rule is in harmony with that laid down by Phillips as probably the best on the subject, that there should be enough in the description "to enable a party familiar with the locality to identify the premises intended to be described, with reasonable certainty." Phillips Mech. Liens, section 379; Kneeland Mech. Liens, section 195.

Our statute only requires the description to be such as to render the property capable of being identified. Act March 6, 1883, Acts 1883, p. 140, section 3.

It has also been held in this State that where more land is included in the notice than is necessary to discharge the lien, the notice will not be invalid. *Scott* v. *Goldinghorst*, 123 Ind. 268.

It must follow, from this holding, that if the notice had described the premises as lots 6, 7 *and* 8, instead of 6, 7 *or* 8, the description would not be insufficient. Does the use of the disjunctive *or* in place of the conjunctive *and* vitiate the description? We think not.

An uncertain and imperfect description may be aided by extrinsic evidence, when the proper averments are laid in the complaint. *White* v. *Stanton, supra.*

From the description in the notice in the case in hand, we get the facts that the property is located on the west side of Quince street, and about three-fourths of a square south of Prospect street, in Pray and Hunt's addition to the city of Indianapolis. The complaint alleges that the actual number of the lot is 6, while the notice may be construed to declare that the lot is numbered either 6 or 7 or 8—the writer being uncertain as to which of the three was the true number. The number serves to aid in identifying the lot, and the giving of it in the description is not essential to the validity of the notice. The lot might be identified by any other designation, such as A, B and C. The notice says, in substance, that the property is situated at a point about three-fourths of a square south of Prospect street, on the west side of Quince street, in Pray and Hunt's addition to the city of Indianapolis, and is known as lot 6, or lot 7, or lot 8. The complaint says that lot 6 was the proper one. It does not appear that appellee also owned a house on lot 7 or 8. If, therefore, there was but one lot upon which she built a dwelling house, and this lot was located at or near the point designated as three-fourths of a square south of Prospect street, and on the west side of Quince street, we are not able to see how any one, especially if familiar with the locality of the premises, could possibly be misled by the description. We think, under the rule that "that is certain which may be made certain," that

the description is not void, and aided as it is by the aver-
ment that lot 6 was the one upon which the house was
erected, the complaint makes a *prima facie* case, and the
question as to whether the description in the complaint
is actually at variance with that in the notice should
have been submitted for trial. Phillips Mech. Lien,
section 384.

Judgment reversed, with instructions to overrule the
demurrer to the complaint.

Filed Nov. 7, 1893.