Coburn *v*. Stephens *et al.*

———◆———

No. 16,509.

COBURN *v.* STEPHENS ET AL.

MECHANIC'S LIEN.—*Notice.*—*Sufficiency of.*—A mechanic's lien notice is sufficient if it states the amount due, to whom and from whom, and for what it is due, and describes the premises.

SAME.—*Imperfect Description of Real Estate.*—*Aid by Extrinsic Evidence.*—Imperfect descriptions of property in a mechanic's lien notice may be aided by extrinsic evidence under proper allegations in the pleadings, and that is sufficiently certain which can be made certain.

SAME.—*Contract.*—*Agency.*—A mechanic's lien can not be perfected where no contract is shown to have been made with the owner of the real estate, either in person or by agent.

SAME.—*Landlord and Tenant.*—A tenant, as such, can not, by his contract, subject the real estate to a mechanic's lien, except as to his own interest.

MORTGAGE.—*Real and Chattel to Secure Same Debt.*—*Failure to Enforce.*—*One Does Not Affect Rights Under Other.*—A creditor who holds a mortgage upon real estate, and also one upon chattels, as security for the same debt, does not lose any right under the former by not enforcing the latter.

SAME.—*Acquisition of Fee.*—*When Mortgage Not Merged.*—*Mechanic's Lien.*—Where the holder of a purchase-money mortgage, which is prior to a mechanic's lien, accepts a quitclaim deed to the property

from his grantee, after the latter lien attaches, in consideration of the grantee's release from personal liability on the notes secured by the mortgage, the notes however not being paid, a merger does not take place, but equity will preserve the prior lien of the mortgagor.

EVIDENCE.—*Deed of Assignment.*—*Admission of Debt.*—*Harmless Exclusion.*—A deed of assignment executed by a creditor, which specifies the debts to be paid by the trustee, is competent evidence to prove, as by an admission, a debt so specified,—but the exclusion of the deed is harmless where the only question at issue is as to the right to enforce a lien upon land.

From the Marion Circuit Court.

*J. Coburn,* for appellant.

*M. G. McLain* and *J. P. Baker,* for appellees.

HOWARD, C. J.—The appellant brought this action to enforce a material man's lien against certain real estate owned by the appellee, Joseph L. Stephens, making the remaining appellees defendants to answer as to their interests in said land.

The appellees Joseph L. Stephens and wife suffered default. The appellee John Chew answered in general denial, and filed his cross-complaint, setting up his mortgage on said real estate, alleged to be prior to the lien claimed by appellant. The appellee, William H. English, also answered in general denial, and filed his cross-complaint, setting up his first mortgage on said land, besides his paramount lien for taxes.

Special pleas were filed by appellant to the cross-complaint of the appellee, John Chew, to which special answers said appellee filed special replies.

Other pleadings were filed which need not here be further noticed.

Errors and cross-errors were assigned.

The appellee, John Chew, contends that the complaint and notice of lien were insufficient; but we think the court did not err in holding them good. Several parcels

of ground are named in the notice, but we think they are so described that we may know that they form one body of land, upon which the buildings described are located. The county in which the lands are situated is not named in the notice, but in the complaint it is alleged that the lands are in Marion county, Indiana. It was the intention of the Legislature that the mechanic's and material man's lien law should be liberally interpreted in favor of mechanics, material men and laborers. Imperfect descriptions of property may therefore be aided by extrinsic evidence under proper allegations in the pleadings. That is sufficiently certain which can be so made certain. *White* v. *Stanton*, 111 Ind. 540. The notice is sufficient if it state the amount due, to whom, from whom, and for what, and describe the premises. *Simonds* v. *Buford*, 18 Ind. 176.

The appellant in the 4th and 5th paragraphs of his answer to the cross-complaint of the appellee John Chew averred that the said Chew, in addition to his mortgage on said real estate, had also a chattel mortgage on certain personal property forming an additional security for the debt due him by appellee Stephens, but that instead of taking possession of the chattels under his mortgage he suffered them to be wasted by another person in whose possession they were; and it is assigned as error that the court sustained demurrers to these paragraphs of answer. It is true that the appellee Chew might have taken possession of these chattels and converted them into money in payment, or part payment, of his debt; but, while this might be a benefit to appellant, we do not see that Chew was obliged to realize on those securities. It was rather for him to judge for himself whether his mortgage on the land was sufficient security for the debt due him from Stephens, and appellant can not complain. *Knarr* v. *Conaway*, 42 Ind. 260.

The appellee, John Chew, had sold the land described in the complaint to the appellee Stephens; and the mortgage set up in the cross-complaint of John Chew was given to secure the unpaid part of the purchase price for said land. At the time of the filing of appellant's notice of his lien in the recorder's office, and for a long time before, the said purchase-money mortgage was on record and unsatisfied, and the purchase-money so secured was unpaid and is still unpaid.

In the second paragraph of his answer to the cross-complaint of the appellee Chew, the appellant averred that since the filing of said cross-complaint the appellees, Stephens and wife, had, by quitclaim deed, conveyed the mortgaged land to John Chew, and that the consideration for such deed was the amount due on the notes secured by said purchase-money mortgage; that said mortgage is, therefore, satisfied by such conveyance, and is merged in the fee simple by such deed, and asking that the mortgage debt be declared satisfied and the mortgage canceled of record.

To this paragraph of answer the appellee Chew replied that he admitted the execution to him by Stephens and wife of the quitclaim deed, but that the only consideration for such deed was the release given by him to Stephens of any personal liability on the notes secured by the mortgage; that Stephens is a nonresident of the State, and is insolvent; that it was further agreed between him and Stephens, at the time of the execution of the deed, that the conveyance was not to have the effect of merging the mortgage in the fee simple, but that the mortgage should remain as a valid and subsisting lien on the land for the security of said debt and the protection of Chew's title.

A demurrer to this paragraph of reply was overruled, and appellant very earnestly contends that such ruling

was erroneous. "It is an elementary rule," as laid down in *Lowrey* v. *Byers,* 80 Ind. 443, "that equity will consider an encumbrance as in force if the ends of justice can be thereby attained. *Troost* v. *Davis,* 31 Ind. 34; *Howe* v. *Woodruff,* 12 Ind. 214."

John Chew's purchase-money mortgage was filed and recorded December 18th, 1886. The alleged contract for furnishing the material for which the lien is claimed, was made in July, 1888, so that, under the statute of 1883, Elliott's Supp., section 1691, then in force, the lien, which was filed October 9th, 1888, could not relate further back than July, 1888. *Fleming* v. *Bumgarner,* 29 Ind. 424; *Mark* v. *Murphy,* 76 Ind. 534.

The purchase-money mortgage in favor of the appellee, Chew, was, therefore, a lien upon the land sold to appellee, Stephens, long prior to the earliest time to which the lien claimed by appellant could have related back. Could the deed taken by Chew from Stephens have merged the lien of the mortgage so as to give appellant's material man's lien a better standing against the land than it had when the notice was filed? We think not.

The agreement set up in the reply, made between Chew and Stephens, to the effect that there should be no merger, was for their mutual benefit, and could not, as we think, injuriously affect the rights of appellant, who was not a party to such agreement. Neither do we think that the transfer of title from Stephens to Chew could in any way inure to appellant's advantage to the prejudice of the parties to the agreement. The lien of the mortgage was prior to any lien that appellant might have. In equity this priority of lien could not be lost by reason of Chew becoming the owner both of the fee simple and of the mortgage lien. It is only where the fee simple and the lien center in the same person, and where there are

no intervening equities, that a merger of the title and the lien will take place. *Thomas* v. *Simmons*, 103 Ind. 538; *Hanlon* v. *Doherty*, 109 Ind. 37; *Strohm* v. *Good*, 113 Ind. 93; Pomeroy Eq. Jur., section 793.

The first reason given in the motion for a new trial is that the court erred in excluding as evidence a deed of assignment executed by the appellee Stephens, making one Charles Wagner a trustee to take charge of certain personal property, out of which he should pay debts named in said deed of assignment. Amongst the debts so admitted was that of appellant. We are of opinion that appellant was entitled to this evidence for the purpose of proving his claim by such admission on the part of the appellee, Stephens. We think, however, that the error was harmless so far as the purposes of the action are concerned. Appellant is not seeking a judgment against Stephens, but to enforce a lien against the land owned by Stephens at the time of filing notice of the intended lien. If the material man's lien was never perfected, there can be no recovery.

This brings us to another important question in the case. As we have already said, we are of opinion that the complaint and the notice of intention to hold a lien were good in form. But an examination of the evidence leads to the conclusion that the lien was not in fact perfected, for the reason that no contract is shown with Stephens, who was then the owner of the premises.

Appellant offered a great deal of evidence to show that one Poor, who lived upon the farm, was the agent of Stephens, and that the contract for materials was made with Poor, as such agent. We have carefully looked through all this evidence, and we think that none of it, nor all of it taken together, can amount to proof of such agency. From the deposition of Stephens, read in evidence, it appears that Poor was his brother-in-law, and

occupied and farmed the land. Nothing in the deposition shows any agency on the part of Poor. On the contrary, it appears that when Stephens wished to surrender the land to Chew, and to enter into an agreement with him to be released from his personal liability on the mortgage notes, he sent an agent from Ohio, a Mr. Clark, to transact the business. He also states expressly that he never purchased the materials for which the lien is claimed, and never authorized any one to purchase them.

In the newly discovered evidence, on account of which also a new trial is asked, several letters are given. One of these was written by Stephens to an investment company. In this, the only letter shown in the record as written by Stephens, he makes no mention of Poor. On the contrary, in the letter, he appoints the investment company his agent to attend to some financial business for him. We do not think there was anything in this newly discovered evidence to prove the agency of Poor.

If Poor was Stephens' agent, this should be shown by some writing, some language or act of Stephens himself. No evidence given or offered showed that Stephens entrusted any business whatever to Poor; and we must find, with the trial court, that no agency was shown.

If Poor was merely the tenant of Stephens, that, of itself, would give him no authority to enter into contract with appellant so as to authorize the filing of a lien upon Stephens' real estate, except, of course, as to any interest therein which the tenant might himself own. *Ogg* v. *Tate*, 52 Ind. 159; *Adams* v. *Buhler*, 116 Ind. 100.

We find no error in the record, and the judgment is affirmed.

Filed Jan. 12, 1894; petition for a rehearing overruled May 11, 1894.