# WINDFALL NATURAL GAS, MINING & OIL COMPANY ET AL. v. ROE.

[No. 6,186. Filed May 26, 1908.]

1. MECHANICS' LIENS.—*Notice.*—*Sufficiency.*—A mechanic's lien notice, under §8297 Burns 1908, Acts 1889, p. 257, §3, must show (1) the amount due, (2) to whom due, (3) by whom due, (4) for what due, and (5) such a description of the premises that the owner may know the property intended to be charged. p. 690.

2. SAME.—*Notice.*—*Evidence.*—Parol evidence is inadmissible to correct a description, void for uncertainty, in a mechanic's lien notice; but a mere defective or ambiguous notice may be corrected by such evidence. p. 691.

3. SAME.—*Notice.*—*Sufficiency.*—A mechanic's lien notice directed to a gas company and all others concerned, showing that plaintiff performed work and furnished material for the construction of a derrick house situate on the northwest quarter of the southwest quarter of section nine, creates no lien upon a gas well, situate a mile distant therefrom, upon land owned by another party with whom neither plaintiff nor his employer had any contractual relation whatever, though such work and materials were actually furnished for such well. p. 691.

4. PLEADING.—*Complaint.*—*Mechanics' Liens.*—*Notices.*—*Reformation.*—Allegations, in a suit to reform a mechanic's lien notice, and to foreclose such lien, that plaintiff intended to give notice of a lien on a gas-well and to describe same properly, and that he so notified his attorney, cannot be considered, where the notice filed showed that the lien was claimed only upon a derrick house situate upon wholly different land from that of the gas-well. p. 695.

5. MECHANICS' LIENS.—*Foreclosure.*—*Parties.*—*Special Findings.*—Where the special findings, in a mechanic's lien foreclosure suit, fail to show that the plaintiff, or his employer had any contract with, or authority from, the owner of the land on which the gas-well in question was sunk, a decree for the sale of the land to satisfy the plaintiff's lien is improper. p. 695.

6. SAME.—*Description.*—*Variance.*—Where a mechanic's lien notice specifies a certain tract of land, and the complaint for foreclosure describes another, and the decree calls for still another, such decree cannot be upheld. p. 696.

From Tipton Circuit Court; *J. F. Elliott*, Judge.

Suit by William W. Roe against the Windfall Natural

Gas, Mining & Oil Company, and others. From a decree for plaintiff, defendants appeal. *Reversed.*

*Gifford & Gifford,* for appellants.

*J. F. Pyke,* for appellee.

HADLEY, J.—This suit was instituted against appellants to foreclose a mechanic's lien on a gas-well, including tubing and piping, in Tipton county. The amended complaint is in one paragraph, and avers that the appellant· company is incorporated under the laws of the State of Indiana for the purpose of exploring for natural gas and oil, laying pipes and mains for the transportation of the same, and obtaining leases and easements for said purpose; that said appellant contracted with Norman W. Gilchrist to drill a well on the northwest quarter of the southwest quarter of section ten, township twenty-two north, range five east, in Tipton county, on land owned by Jane Vice; that appellee is an oil-well driller and was engaged by said contractor to drill said well; that he entered upon his duties on said well on November 16, 1903, and continued until the completion of the same on December 11, 1903, working in all eighteen days; that said well since its completion is a producing gas-well, and is attached and utilized by said company; that the amount due appellee for said work is $81, and that the same is due and unpaid; that, within sixty days of the time of completing said work, appellee filed in the recorder's office of Tipton county a notice in writing of his intention to hold a mechanic's lien therefor upon said premises, the gas-well thereon, the tubing, piping and gas-well derrick, which notice is made a part of said complaint and is as follows:

"To Windfall Natural Gas, Mining & Oil Company, and all others concerned:

You are hereby notified that I intend to hold a mechanic's lien on gas-well, tubing and piping located in the northwest quarter of the southwest quarter of section nine, township twenty-two, range five east, in Tipton county, Indiana, as well as upon the derrick house recently erected thereon by me, for the sum of $81, for

work and labor done and materials furnished by me in the erection and construction of said house, which work and labor done, and materials furnished, was done and furnished by me at your special instance and request, and within the last sixty days.

William W. Roe.''

The complaint then avers that said notice specifies that the claim is for ''work and labor performed and material furnished in the erection of a derrick house;'' that appellee did not perform any labor or furnish any material in the erection of the derrick house for appellant, but that the work and labor performed by him, and for which he sought to take his lien, was for work and labor performed in the construction of the gas-well, as described, for appellant company, but by mistake he failed properly to specify said fact; that he did not discover such mistake until after he had ordered suit brought to foreclose the same, and he asks to be permitted to reform his said notice in this respect. The complaint also avers that the notice, by mistake and oversight in the description of the land, erroneously designates said section as section nine, when it should have been section ten of the township and range set out; that, at the time of the drilling of the gas-well in question, no gas-well was being drilled by said appellant company in section nine, nor has said company a gas-well in said section nine, to appellee's knowledge, and that the lien sought to be foreclosed was for the labor and work performed on the gas-well in the northwest quarter of the southwest quarter of said section ten; that said mistake in the description was not discovered until after the sixty days had expired for the filing of the lien, and he was therefore unable to correct said error. Prayer for judgment against said appellant for a foreclosure of said lien on the gas-well, tubing, piping and fixtures, situated as last described, for the sale of the interest in said real estate which said appellant may have, if any, and that said notice be reformed.

To this complaint each of said appellants filed a demurrer for want of facts, which demurrer was overruled. Appellant company then filed a separate answer in five paragraphs: First, general denial; the others setting up affirmative matters. The issue was joined by general denial to said affirmative answers, trial by court, special findings and conclusions of law stated, and a decree *in rem* for appellee in the sum of $87.48, together with $25 attorneys' fees, and foreclosing his lien and authorizing the sale, to satisfy said lien, of "the gas-well, tubing, piping and gas-well derrick, all fixtures and attachments thereto belonging, situated on lot three in block one, Fouch's third addition to the town of Windfall, Tipton county, Indiana. The rulings of the court upon appellants' demurrers to the amended complaint are assigned as errors.

It is urged by appellants in support of their demurrers to the complaint that it is shown by the notice and the averments in reference thereto that said notice was insufficient to establish a lien upon the gas-well sought to be charged thereby. Section 8297 Burns 1908, Acts 1889, p. 257, §3, provides, among other things, with reference to notice of a mechanic's lien: "Any description of the lot or land in the notice of a lien will be sufficient if, from such description, or any reference therein, the lot or land can be identified." Under this provision of the statute our courts have gone to extreme lengths in holding such notices sufficient, it being laid down as a rule that the notice is sufficient if it states the amount, to whom, by whom, for what due, and describes the premises so that the owner may know the property intended to be charged. *Simonds* v. *Buford* (1862), 18 Ind. 176; *Coburn* v. *Stephens* (1894), 137 Ind. 683, 45 Am. St. 218; *Maynard* v. *East* (1895), 13 Ind. App. 432; *Dalton* v. *Hoffman* (1893), 8 Ind. App. 101; *McNamee* v. *Rauck* (1891), 128 Ind. 59.

It is said in the case last cited: "Where the description is so uncertain as to afford no reliable clue to a more definite

and correct description, no lien is acquired; but 2. where the description, though too defective and insufficient of itself to identify any particular tract of land, can, nevertheless, be aided by the introduction of extrinsic evidence in support of such averments, it will be held to be sufficient for the purpose intended, and a true description will be supplied at the hearing. * * * But when the description is void for uncertainty on its face, parol evidence is inadmissible to remedy the defect. *Munger* v. *Green* [1863], 20 Ind. 38. The principle drawn from the authorities seems to be this: That a description in a notice of lien cannot be supplied by oral evidence, but that an ambiguity may be explained and the premises identified.''

The notice in the present case, on its face, is neither ambiguous, uncertain nor indefinite in any matter, so far as it seeks to hold a lien on the derrick house; but by 3. the averments of the complaint it is shown that it is erroneous in every particular except as to the amount claimed. From the notice, anyone reading the same would understand that the appellant company was indebted to appellee in the amount mentioned under a contract between appellant company and appellee; that this indebtedness was incurred by virtue of labor and materials furnished under such contract in the construction of a derrick house on the premises therein described. By the averments of the complaint appellee shows that appellant company is not indebted to him for any sum on any contract; that he never performed any labor on any derrick house for appellant, either directly or indirectly; that he does not claim a lien for labor or materials furnished in the construction of a derrick house, but for labor and materials furnished in the construction of a gas-well; that he does not claim his lien for labor and materials furnished in the construction of anything on the premises described in the notice, but his claim is for labor and materials used in the construction of a gas-well on premises a mile distant from those described in the notice; that

his claim for such labor and materials is not under a contract with appellant company, but under a contract with another party who put down gas-wells under a contract with appellant company. The notice nowhere states that the gas-well or derrick house therein described belongs to appellant company, or is upon land belonging to it. The averments of the complaint show that the well sought to be charged was upon land belonging to Jane Vice, and there is no averment in the complaint or statement in the notice showing what right or interest the appellant company had in said gas-well, derrick house or said land. From anything that is here shown, we cannot know that appellant company had any right to order a gas-well constructed upon the premises sought to be charged, or is claiming any such right. From the averments of the complaint it is shown that appellant company is engaged in the business of putting down gas-wells and exploring for gas and oil. How many wells it has in that vicinity is not shown. It is averred that appellant company was not constructing a gas-well on the premises described in the notice at the time the labor in question was performed. It is not directly averred that appellant company did not have a gas-well on the premises described in the notice, or that appellee did not put down other gas-wells for the appellant company in that locality. Under this state of facts it seems clear that appellee does not exhibit a notice sufficient to create a lien on any property. The notice it gave to the appellant company was that a man by the name of Roe, with whom the appellant company had never had any dealings, was claiming a lien for $81 on a gas-well and derrick house that had never been constructed by anybody, anywhere, for labor and materials furnished in erecting such derrick house under a contract, which said company knew had never been made, on land not designated as belonging to appellant company, but specifically described as being the northwest quarter of the southwest quarter of section nine, township twenty-two north, range five east.

If appellant company had a gas-well and derrick house on the lands thus described, this was notice that at least the derrick house was subject to the lien therein described. In such case a lien could not be held on a well in another section, since there is no suggestion in the notice that such other well was intended. If it had no gas-well or derrick house on said land, then all it could know was that somebody had made a mistake either in directing the notice to it, or in the description of the land, or both. But there is not a hint or suggestion in the notice to enable the party sought to be held to determine wherein the notice is erroneous, and discover whose or what property was actually intended to be held under the lien. There is not a reference therein that would identify the derrick house or gas-well described with a gas-well located on the land of Jane Vice in the northwest quarter of the southwest quarter of section ten, township twenty-two north, range five east, or with a gas-well, as the court decreed, on lot three, block one, Fouch's third addition to the town of Windfall. While we recognize the liberality with which such notices should be construed, yet there is a clear distinction between descriptions which are radically and incurably uncertain, and those which by references therein may be made certain. *White* v. *Stanton* (1887), 111 Ind. 540. And, as we have heretofore shown, courts cannot supply a new description in a notice, nor lay its hands upon property not described therein, unless such notice gives some reliable clue sufficient to enable a party familiar with the locality to identify the premises, intended to be described, with reasonable certainty, to the exclusion of others. *White* v. *Stanton, supra; McNamee* v. *Rauck, supra.*

The case last cited is as strong a case for appellee as any case we have discovered; but the basis of the decision in that case marks the distinction between this case and others of like character in this State. In that case the contractor gave notice of a lien on a certain quarter section in Wayne

county, "and on the house thereon situate, for the sum of $1,000 due me this day from you for the building of said house and the furnishing of material thereof by me, at your request, which said work was furnished on the ——— day of ———, 1888. This 14th day of January, 1888." It was contended that this notice was insufficient for the reason that it gave an impossible section in Wayne county, thus showing on its face that it was erroneous. The court deciding the case uses this language: "By rejecting then the false description, we have the lands described by township, range and county. This would not be a sufficient description, but the statute says that if from 'any reference' in the notice the land can be identified it will be sufficient. The notice refers to the land, upon which the lien was to be held, as that upon which the house was situate which was built by the appellant for the owner at her request, for which building and the material furnished therefor, she owed him $1,000. Giving also the date when the work was performed. * * * It appears also from the complaint that no other property answers the description in the notice, which is said to aid what might otherwise be an insufficient description." The notice was therefore held to be sufficient.

If the notice in this case had referred to the well as the well contracted for by Norman Gilchrist, and it had been shown that Gilchrist had contracted for only one well, or had it been described as the well constructed under contract with Norman Gilchrist on the Jane Vice farm, and it appeared that Gilchrist had put down only one well on said farm, a different question would be presented; but there is nothing in the notice to distinguish the well sought to be charged from any other well in Tipton county. To hold that such a notice, under the averments of the complaint as here made, affixed a lien upon the property here sought to be charged would be creating a new notice and a lien that was never established. Appellee seeks to excuse his failure to

give a proper notice by alleging that he intended to
4.   give notice of a lien on the gas-well and fixtures for
work and labor on said gas-well and properly to de-
scribe the same; and that he instructed his attorney so
to prepare the notice. Such allegations can have no rele-
vancy to the question. The question being, was a proper no-
tice given? Not whether a proper one was attempted or in-
tended to be given. If the notice is insufficient to create a
lien, it is immaterial to whose fault such insufficiency is at-
tributable, unless it be that of the party sought to be charged.
A lien cannot be acquired by intention, implication or infer-
ence. It can only be acquired by actually giving the statu-
tory notice in the statutory way. *Barnett* v. *Stevens*
(1896), 16 Ind. App. 420.

It is evident that the cause should be reversed upon the
ruling of the court on the exceptions of appellants to the
conclusion of law, the same being erroneous upon the
5.   facts found. The conclusion is "that appellee is en-
titled to a foreclosure of his lien and a sale of the real
estate therein described." There is nothing in the special
findings that shows any lien upon any real estate whatever,
the findings being that Jane Vice was the owner of the land
upon which said well was located, that appellant company
contracted with Gilchrist to put down the well, and that ap-
pellant company located the well upon said land. There is
no finding that appellant company had any interest, by
lease or otherwise, in said land, or authority from the owner
so to locate the well, or that the owner had any knowledge it
was so located or constructed. So far as the findings show,
it may have been so located by appellant company by mis-
take or as a mere volunteer, and without leave or license
from the owner. In such case no lien could be had on said
real estate. *McCarty* v. *Burnet* (1882), 84 Ind. 23; *Hop-
kins* v. *Hudson* (1886), 107 Ind. 191.

Also the decree of the court is for the foreclosure of the

lien on the well, piping and tubing located on lot three, in block one, Fouch's third addition to the town of 6. Windfall, Indiana. It is not shown that this lot is on the quarter quarter section described in the notice, or the quarter quarter section in the corrected description in the complaint; but the plat of said addition introduced in evidence shows that it is located on the northeast quarter of the northeast quarter of section sixteen, township twenty-two north, range five east, a quarter quarter section different from that described in either the notice or the complaint. It thus appears that appellee filed notice of a lien on one tract, by his complaint sought to foreclose said lien on another tract, and obtained a decree foreclosing his lien on a tract different from either of the two against which it had been asserted.

Judgment reversed.

Roby, J., absent.