## WINDFALL NATURAL GAS, MINING & OIL COMPANY ET AL. *v.* ROE.

[No. 6,185.    Filed October 6, 1908.]

1. MECHANICS' LIENS.—*Labor and Materials Entering Different Structure.*—A mechanic's lien cannot be taken upon a structure, where the labor and materials furnished entered into a different structure.  p. 280.

2. SAME.—*Joint.—Different Structures.*—A mechanic's lien can be taken upon a number of structures jointly, where they were built or repaired under a single contract with the owner thereof.  p. 280.

3. PLEADING. — *Complaint. — Mechanics' Liens.—Foreclosure.—Notice.*—A complaint for the foreclosure of a mechanic's lien upon a gas-well and a derrick house, situate upon different lots, which fails to show that the work was ordered by the same party, or that they constituted parts of the same structure, is bad.  p. 280.

4. MECHANICS' LIENS.—*Notice.—Complaint.*—A notice for a mechanic's lien must show the amount due, to whom due, from whom owing, and for what due, and must describe the property so that the owner may know the property intended to be charged thereby; and a complaint based upon a notice omitting any of such requisites is not sufficient.  p. 280.

From Tipton Circuit Court; *J. F. Elliott,* Judge.

Suit by William W. Roe against the Windfall Natural Gas, Mining & Oil Company and others. From a decree for plaintiff, defendants appeal. *Reversed.*

*Gifford & Gifford,* for appellants.

*J. F. Pyke,* for appellee.

HADLEY, J.—This is a suit brought by appellee to foreclose a mechanic's lien on a gas-well and tubing and piping therein, and is a companion case to *Windfall Nat. Gas, etc., Co.* v. *Roe* (1908), 41 Ind. App. 687. The questions presented in this case, however, are somewhat different from those in the case last cited. The notice, which formed the basis of the suit, was as follows:

"To Windfall Natural Gas, Mining & Oil Company, and all others concerned:
    You are hereby notified that I intend to hold a me-

. chanic's lien on the gas-well, tubing and piping located on lots one, two and three in block one of Fouch's third addition to the town of Windfall, Indiana, as well as upon the derrick house recently erected thereon by me, . for the sum of $66, for work and labor done and materials furnished by me in the erection and construction of said house, which work and labor done and materials furnished was done and furnished by me at your special instance and request, and within the last sixty days.

                                                   William W. Roe.''

The averments of the complaint, with reference to said notice, are to the effect that appellant was a corporation engaged in putting down and operating gas and oil-wells; that in pursuance of said purposes it entered into a contract with Norman W. Gilchrist to drill a well for said company in lot three, block one, in Fouch's third addition to the town of Windfall, that appellee was a gas-well driller, and was engaged by said Gilchrist to assist in putting down said well; that in so doing he worked on said well fourteen days; that under his contract with said Gilchrist he was to receive $4.50 per day; that Gilchrist refused to pay him, and within sixty days after the completion of the well he filed the notice set out. It is also averred that at the time of the preparation of said notice appellee had no positive information upon which of said lots said well was located, and hence the notice was made to cover all three of the lots, that, by mistake, the notice was made to read that the lien was held for work and labor performed by appellee on the derrick house, whereas appellee performed no work on any derrick house for appellants, but that he intended and sought to give notice of his intention to hold a lien for work on the gas-well he had drilled for appellant company; that after the filing of said notice and after the expiration of sixty days, on the completion of said well, he learned that said well was located on said lot three, and that said lot three is in the name of Ezra N. Todd, one of the appellants herein, who was made party to answer to his interest. There was a prayer in the complaint for reformation of said notice

on account of said errors and for a decree of foreclosure on the reformed notice. On the trial a decree was entered for appellee, foreclosing said lien upon the gas-well upon said lot three.

It is earnestly contended that the complaint is insufficient, for the reason that the notice exhibited, together with the averments in reference thereto, do not show a lien

1. on the gas-well and tubing and piping therein. It is well settled that a lien may not be had upon one structure for labor and materials entering into another and different structure. *Crawford v. Crockett* (1876), 55 Ind. 220; *Hill* v. *Sloan* (1877), 59 Ind. 181; *Lawton* v. *Case* (1880), 73 Ind. 60; *Jones* v. *Hall* (1894), 9 Ind. App. 458; *Leeper* v. *Myers* (1894), 10 Ind. App. 314; *Farrell* v. *La-Fayette Lumber, etc., Co.* (1895), 12 Ind. App. 326; *Barnett* v. *Stevens* (1896), 16 Ind. App. 420; *Miller* v. *Fosdick* (1901), 26 Ind. App. 293.

A joint lien may be had upon a number of structures, where they are built or repaired under a single contract and are thus connected in construction and owner-

2. ship. In reality they are to be considered as one building or structure. *Premier Steel Co.* v. *McElwaine-Richards Co.* (1896), 144 Ind. 614; *Wilkerson* v. *Rust* (1877), 57 Ind. 172; *Hill* v. *Braden* (1876), 54 Ind. 72.

In the case before us the complaint does not show that the derrick house and the well were parts of the same struc-

ture, or built or owned by the same parties. It does

3. show, however, that the claim is for work and labor on a structure different from that designated in the notice.

The statute requires that a notice to be sufficient to establish a mechanic's lien shall state the amount, to whom, by whom and for what, due, and shall describe the

4. premises so that the owner may know the property intended to be charged. §8297 Burns 1908, Acts 1889,

p. 257, §3.  *Windfall Nat. Gas, etc., Co.* v. *Roe, supra; Coburn* v. *Stephens* (1894), 137 Ind. 683, 45 Am. St. 218; *Maynard* v. *East* (1895), 13 Ind. App. 432, 55 Am. St. 238; *Dalton* v. *Hoffman* (1893), 8 Ind. App. 101.

. The complaint is insufficient to warrant the foreclosure of a mechanic's lien on the gas-well, for the reason that the notice which sought to establish the lien is shown by the averments of the complaint to have been defective, in that it did not correctly state for what the lien was claimed; nor did it correctly state from whom the claim was due, since there is no contention that the claim was due from appellants, but was due from Gilchrist.

Appellee was not in doubt or mistaken as to which structure he worked upon. He specifically declares that he performed no work upon the derrick house. This was a fact as well known to him at the time he filed his notice as when he filed his complaint. Appellee seeks to avoid his error by averring in his complaint that he intended to file his lien on the gas-well, tubing and piping for work and labor performed thereon only; that he intrusted the work of preparing the notice to a lawyer who prepared it in form as filed. But this excuse cannot relieve him, since the lien can only be obtained by filing the statutory notice in the statutory way, and not by an intention to do so. *Windfall Nat. Gas, etc., Co.* v. *Roe, supra.* Other questions are presented, but in our view of the case their consideration is unnecessary.

Judgment reversed, with instructions to sustain the demurrers of appellants to the amended complaint.