## DEAL ET AL. *v*. PLASS.

[No. 8,634.   Filed June 2, 1915.]

1. APPEAL.—*Briefs.—Sufficiency.*—Appellants' brief, though subject to criticism, will be treated as sufficient if there is such substantial compliance with the rules as to enable the court to determine therefrom the question for consideration. p. 187.

2. MECHANICS' LIENS.—*Statutes.—Construction.*—Mechanics' lien statutes, though strictly construed in determining the persons entitled to acquire and enforce such liens, are remedial in character and are to be liberally construed in favor of those entitled to their benefits. p. 188.

3. MECHANICS' LIENS.—*Foreclosure.—Notice of Lien.—Sufficiency of Description.*—Where it was conceded that plaintiff in a proceeding to foreclose a mechanic's lien was within the provisions of the statute, and there were no rights of third persons involved, the court did not err in decreeing a foreclosure, although the real estate described in the notice was not that on which plaintiff's labor was performed, where it was alleged and proven that the house on which plaintiff performed the labor was the only house erected or repaired by defendants and that the lot on which it was situate was across the street from the lot described in the notice, and which defendants also owned; since the statute was to be liberally construed in such case, and the notice, by mentioning the work performed, contained sufficient reference by which the lot on which the house was located could be identified. p. 188.

From Elkhart Superior Court; *James L. Harmon*, Judge.

Action by John I. Plass against Leonard Deal and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Otto E. Deal* and *James H. State*, for appellants.

*Perry L. Turner*, for appellee.

FELT, J.—Appellee filed his complaint to foreclose a mechanic's lien on appellants' real estate in Elkhart County, Indiana, described as follows: "Commencing at the southwest corner of lot No. one hundred sixty-two (162) in the Second South & Western Addition, in the city of Elkhart; thence north three (3) degrees, east two hundred fifty-

seven (257) feet; then westwardly, parrellel with the northerly line of High Street, to the St. Joseph River; thence southerly, along the curves of said River to the point of the intersection with the north line of High Street; thence easterly,. along the northerly line of High Street to the place of beginning.''

It is averred that on or about July 4, 1910, the owners of said real estate, appellants, employed appellee to construct a cement floor in the cellar of their house on said real estate, and agreed to pay him $45 for the necessary labor and material; that he fully performed his contract and there ·is due him therefor $45; that at appellants' request he· did some brick work of the value of $2. The complaint also alleges. facts which show the filing of a notice about which no question is raised except as to the description of the property as to which it is alleged ''that in the description of said real estate a mistake was made in this, that the description in said lien was written as Lot No. 164, in the Second South & Western Addition to the city of Elkhart, in Elkhart County and State of Indiana''; that appellants were, at said time, the owners of said Lot No. 164; ''that the real estate first described above and upon which the house was located wherein he constructed said cellar and did said brick work is located upon the north side of High street * * * a short distance westwardly from a point opposite said Lot No. 164''; that the house of appellants ''located upon the real estate first described herein was the only house erected or repaired by the defendants, in the city of Elkhart, during the year of 1910, and the only house of said defendants in which he constructed a cellar floor or did brick work.''

The notice of lien as far as material here is as follows:

''Mechanic's Lien. September 1st 1910. To Leonard Deal, Adelia Deal and to whom else it may concern:—Take notice that I intend to and do hold a lien on the following described real estate situate in the city

of Elkhart, Elkhart County and State of Indiana, viz., Lot No. one hundred sixty-four (164) in the Second South & Western Addition to the City of Elkhart, in the sum of $47 for work, labor and material furnished and performed, done and used in and upon the erection and repair of the house on said real estate at your special instance and request, within the sixty days last past.''

Appellants filed a motion to strike out parts of the complaint which motion was overruled. The cause proceeded to trial without answer by appellants. There was a finding and judgment in favor of appellee, and a decree foreclosing the lien on the property first above described, and ordering the same sold.

Appellants' motion for a new trial was overruled. The errors assigned are the overruling of appellants' motion to strike out a part of the complaint, and the overruling of their motion for a new trial.

Appellee insists that appellant's brief is insufficient to present any question. The briefs are subject to criticism but show such substantial compliance with the rules

1. as to enable us to ascertain therefrom that the controlling question is: Did appellee by virtue of the notice filed acquire an enforceable lien on the property ordered sold?

Appellants admit that a defective description may be aided by extrinsic facts and that it will be sufficient if by such means it can be identified with certainty, but assert that the notice in this case accurately described an entirely different lot, and is radically defective in failing to give any description of the real estate described in the complaint and against which it is sought to enforce the lien; that as against such property the notice of lien is void and the court therefore erred in decreeing foreclosure thereof. The statute (§8297 Burns 1914, Acts 1909 p. 295) provides that, ''Any description of the lot or land in a notice of a lien will be sufficient, if from such description or any reference therein, the lot or land can be identified.''

Mechanics' lien statutes are strictly construed in determining the persons entitled to acquire and enforce such liens, but they are remedial in character and should

2.  be liberally construed to carry into effect the object of the law in giving a lien to those entitled to its benefits. *Indianapolis, etc., Traction Co.* v. *Brennan* (1910), 174 Ind. 1, 17, 87 N. E. 215, 90 N. E. 65, 68, 91 N. E. 503, 30 L. R. A. (N. S.) 85; *Cincinnati, etc., R. Co.* v. *Shera* (1905), 36 Ind. App. 315, 318, 75 N. E. 293.

There is no dispute on the proposition that appellee comes within the provisions of the statute and for that reason the statute is to be liberally construed.    The question

3.  arises here between the property owners and the one who performed the labor and does not involve the rights of third persons relying on the record of the notice. The notice complies with all the provisions of the statute unless it be in respect to the description of the property. The statute requires a substantial description of the real estate in the notice and provides that it will be sufficient if from it or any reference therein the lot or land can be identified.    The notice shows that the property is in the city of Elkhart and that the lien is for labor and material furnished by appellee and used in the repair of appellants' house at their special instance and request.    It is averred in the complaint that the house of appellants situate on the real estate described by metes and bounds as aforesaid is the only house erected or repaired by appellants in the city of Elkhart in the year 1910, and the only house of theirs in which appellee constructed a cellar floor or did brick work; that the house is situated on the opposite side of the street on which the lot described in the notice abuts and a short distance west thereof.    The reference in the notice to appellants' property in which the work was done by appellee at their special instance and request, and the fact that both lots are on the same street in the same county and city, aided by the averments of the complaint, bring

the case clearly within the spirit of the statute and so far within its provisions that as between the original parties to such contract the lien may be upheld and enforced against the real estate on which the house so improved stands. *Hillyard* v. *Robbins* (1913), 53 Ind. App. 107, 110, 101 N. E. 341; *McNamee* v. *Rauck* (1891), 128 Ind. 59, 61, 27 N. E. 423; *Smith* v. *Newbaur* (1896), 144 Ind. 95, 100, 42 N. E. 40, 1094, 33 L. R. A. 685; *Newcomer* v. *Hutchins* (1884), 96 Ind. 119; *White* v. *Stanton* (1887), 111 Ind. 540, 543, 13 N. E. 48; *Windfall, etc., Oil Co.* v. *Roe* (1908), 41 Ind. App. 687, 690, 84 N. E. 996; *Coburn* v. *Stephens* (1894), 137 Ind. 683, 685, 36 N. E. 132, 45 Am. St. 218; *Maynard* v. *East* (1895), 13 Ind. App. 432, 435, 41 N. E. 839, 55 Am. St. 238.

No reversible error is shown. Judgment affirmed.

Note.—Reported in 109 N. E. 51. As to buildings and other property subject to mechanics' liens, see 78 Am. Dec. 694. See, also, under (1) 3 C. J. 1407; 2 Cyc. 1913 Anno. 1013-new; (2) 27 Cyc. 20; (3) 27 Cyc. 122.