GILMAN and Another *v.* GARD.

MECHANICS' LIEN.—NOTICE OF SUB-CONTRACTOR.—To a complaint by a laborer, who had given notice, against the owners of a mill, to recover the amount due the laborer from the contractor with the owners for the building of the mill, it was objected that the complaint should have alleged that the work sued for was done by plaintiff in accordance with the terms of the contract between the owners and the principal contractor. But the court held that as the complaint alleged that the work sued for was done in building the mill, and that there was due from the owners to the contractor a larger sum, it was wholly immaterial whether the liability of the owners to the contractor grew out of a special contract, or an implied contract to pay what the service was worth.

SAME.—The notice of a sub-contractor to the owner of a building must show that the work was done or the material furnished for a contractor with the owner, and the amount due, but the items of work or material need not be stated.

SAME —The statute giving to the sub-contractor a right of action against the owner, upon notice, &c., is a highly remedial one, and should be liberally construed in practice by the courts.

SAME.—The notice of a sub-contractor to the owner need not be recorded, nor need it describe the premises.

EVIDENCE.—In a suit to recover the contract price for building a mill, the defendant introduced a millwright, who testified as to the manner in which the work was done, and the value of the work. On cross-examination, the plaintiff was allowed to ask the witness what sum he would have undertaken to build the mill for, according to the contract.

*Held,* that the question was proper for the purpose of testing the judgment of the witness, and the rates upon which his estimates of value were based.

APPEAL from the *Floyd* Circuit Court.

Suit by *Underhill* against *Gard, Gilmore* and *Sabine.* The first paragraph of the complaint charges that *Gard* was the contractor to build for *Gilmore* and *Sabine* a cement mill in *Clarke* county, *Indiana;* that the plaintiff was employed by *Gard* to work in and about the construction of said mill, and that afterwards he had a settlement with *Gard* for the work so done by him, and there was found to be owing to him the sum of $50 75, which was still unpaid; that there was owing from *Gilmore* and *Sabine* to *Gard,* for work done and material furnished by him in

the construction of said mill, $2,500; that plaintiff gave said *Gilmore* and *Sabine* notice, in writing, that he would hold them for the payment of said sum of $50·75, so owing to him by *Gard* for work on their said mill. A copy of the notice was made part of the complaint. It recited the fact that *Gard* had contracted with *Gilmore* and *Sabine* for building said mill, and that the plaintiff had been employed by the contractor to work on the same; that there was due to the plaintiff $50 75 "for work thus done," and that he should hold *Gilmore* and *Sabine* for the payment of the same.

FRAZER, J.—The first paragraph of the complaint was, we think, good, and made a case within section 649 of the code. It is urged that it should have been averred that the work done by the plaintiff was in accordance with the contract between *Gard* and *Gilmore* and *Sabine*. It is alleged that the labor was done for *Gard* in building the mill for *Gilmore* and *Sabine*, and that the proprietors, at the date of the notice, owed the contractor $2,500 for erecting that mill. It was wholly immaterial whether that liability was upon the special contract or an implied contract to pay what the service was worth. If that liability by *Gilmore* and *Sabine* to *Gard* existed, no matter whether under an express or an implied contract, and if the plaintiff was employed by *Gard* in doing the work, and if the proper notice was served, then the case is made which the statute was intended to provide for. Again, it is objected that the notice was insufficient, in that it did not, as the statute requires, "particularly set forth the amount of the claim, and service rendered." It seems to us that it did both these things. As to the amount, "fifty dollars and seventy-five cents." Surely that is as particular as is possible. It will be noticed that it is the amount, not the items of which the amount is composed, which is required to be stated. Then as to the service rendered, it is distinctly stated to have been for the plaintiff's work, "thus done," under an employment "as a superintendent and laborer to work in the construction of said mill," and the mill is specified. This stat-

ute is eminently remedial, intended for the·benefit and protection of sub-contractors, journeymen mechanics and laborers, and the courts should not indulge in such niceties of construction, or such useless requirement in practice under it, as will tend to defeat its object, without resulting in any good end. This notice need not be recorded, nor need it describe the premises on which the structure has been erected. The statute does not require it.

The defendants introduced one *Benton,* a millwright, to testify as to the manner in which the contractors had done the work, its value, &c. He testified upon those subjects, and, on cross-examination, was allowed to state what sum he would have undertaken to build the mill for, according to the contract. This is complained of, and was assigned as one cause for a new trial. We perceive no error in it. On cross-examination, the plaintiff had a right to ascertain the rates upon which the witness; proceeded in making his estimates, and to test his judgment upon the subject concerning which he had been called to give an opinion.

Lastly, it is urged that the finding was against the evidence. We do not think so.

The judgment is affirmed, with costs.

*G. V. Howk, R. M. Weir, J. H. Stotsenburg* and *T. M. Brown,* for appellants.

*A. Dowling* and *J. S. Davis,* for appellee.