THE WABASH RAILROAD COMPANY v. ACHEMIRE.

[No. 2,413    Filed March 10, 1898.]

MECHANIC'S LIEN.—*Railroads.*—Under the provisions of section 7265, Burns' R. S. 1894, that "all persons who shall perform work or labor in the way of grading, building embankments, making excavations for the track, building bridges, trestle work, works of masonry, fencing, or any other structure, or who shall perform work of any kind in the construction or repair of any railroad, or any part thereof, etc.," shall be entitled to a lien, a person performing work and labor in digging a well for a railroad company in its stock yards along the right of way owned and operated by the railroad company may hold a lien against the railroad for the value of such work.

From the Steuben Circuit Court.    *Affirmed.*

*Croxton & Powers* and *Stuart Brothers & Hammond,* for appellant.

*Thomas S. Wickwire, F. S. Roby* and *D. M. Link,* for appellee.

HENLEY, J.—Appellee began this action in the court below to foreclose a mechanic's lien on the property of appellant. The claim arises out of work done by appellee in putting down a well contracted for by appellant to be dug or driven at its stock yards. The appellee was not the contractor to do the work, but was a laborer employed by the contractor, and his claim is based upon sections 7265, 7266 and 7267, Burns' R. S. 1894. It is provided by section 7265, *supra,* that all persons who shall perform work or labor in the way of grading, building embankments, making excavations for the track, building bridges, trestle work, works of masonry, fencing, or any other structure, or who shall perform work of any kind in the construction or repair of any railroad, or part thereof, in this state, and all persons who shall furnish any material for such bridge, etc., whether such labor be performed, or such material be furnished

in pursuance of a contract with the railroad corporation itself or whether it be furnished or performed in pursuance of a contract with a contractor, subcontractor, lessee or agent of the railroad corporation, shall have a lien to the extent of the work or labor so performed or material so furnished or both, upon the right of way and franchises of such railroad corporation within the limits of the county in which the work was done and material furnished. It is further provided by this section that if the work is done or material is furnished in pursuance of a contract with a lessee, subcontractor or agent of a railroad corporation, the persons performing the labor or furnishing the material shall not be required to give notice to such corporation that they are performing the labor or furnishing material in order to entitle them to acquire and hold a lien, but the performance of the labor and the furnishing of material, shall be sufficient notice to such corporation; and that such liens shall be enforced as other mechanic's liens are enforced in this State. Section 7266, *supra,* provides how the lien may be acquired, and is as follows: "Any person desiring to acquire the lien provided for in the last preceding section, shall give notice of his intention to hold such lien by causing a notice thereof to be recorded in the recorder's office of the proper county in the same manner, and within the same time, as above provided, for giving notice of mechanic's liens; and any person having given notice within the proper time, may enforce such lien in the same manner as mechanic's liens. Such suit must be brought within one year from the time such notice was filed in the recorder's office."

Appellee's complaint alleges, in substance, that appellant owns and operates a line of railroad, extending through the State of Indiana and running

through the county of Steuben in said State, and that said road was, at the time the work and labor was so done by appellee, in the process of being constructed, enlarged and improved and that appellee was employed upon said line of road in improving, building and constructing the same by one Charles Piatt, one of appellant's contractors, and that appellant is indebted to appellee in the sum of $32.25 for work and labor done by appellee for appellant's contractor in building appellant's railroad through said county. That on the 11th day of February, 1896, and within sixty days after said work and labor was done by appellee for appellant, appellee filed in the office of the recorder of Steuben county a notice to appellant of his intention to hold and enforce a lien upon appellant's road, right of way, franchise, etc., for the amount due him for his services and labor aforesaid. That said notice was duly filed and recorded by the recorder of Steuben county in record No. 10, on page 579 of the miscellaneous records of Steuben county, Indiana; that the amount of $32.25 is due and unpaid. A copy of the notice so filed and recorded as aforesaid is filed with and made a part of the complaint, also a bill of particulars of the work done by appellee is filed with the complaint and made a part of it, and judgment is asked for the amount with attorney's fees and that the lien be foreclosed.

Appellant demurred to the complaint; the demurrer was overruled, to which ruling appellant excepted, and filed an answer in two paragraphs. Appellee replied to the second paragraph of answer, and the cause being at issue was submitted to the court for trial without the intervention of a jury. The court having been requested to return a special finding in this cause, found the facts substantially as follows: That appellant is, and was at the time the

labor herein mentioned was performed, a corporation owning and operating a railroad through Steuben county, Indiana; that in connection with the operation of said line of railroad appellant had constructed, and was, in January, 1896, in the process of constructing cattle yards on its right of way at the town of Hudson in said county, and that said cattle yards on said right of way and the said appellant's railroad were not complete at said place without a well such as is hereafter described; that prior to the doing of the work by appellee, appellant had contracted with one Piatt to sink and complete such well upon its said line and in said cattle yards; that said Piatt hired appellee to work upon said well in the capacity of a laborer and agreed to pay him at the rate of $1.50 per day for his labor, which was a fair and reasonable compensation for his work; that appellee had no notice of the terms and stipulations of the contract between said Piatt and appellant, and was wholly ignorant thereof; that in pursuance of such employment by said Piatt appellee worked $21\frac{1}{2}$ days upon said well, and in the construction of the same upon said appellant's right of way; that said well was by appellant's agent pronounced as satisfactory after having been operated for two hours, but upon the same day the well ceased to do good work and appellant has not paid said Piatt for said well and refuses to pay for appellee's work; that on the 11th day of February, 1896, appellee filed in the office of the county recorder of Steuben county, notice of his intention to hold a lien for the payment of said sum which notice was upon said day duly recorded in miscellaneous record, vol. 10 page 579. The finding then sets out a copy of the notice; that on the 6th day of July, 1896, appellee filed the complaint herein to foreclose said lien and that a reasonable fee for

his attorney is $15.00, and that the sum of $32.25 and said fee of $15.00 is due and unpaid. The court then stated its conclusions of law upon the facts so found and before the final rendition of judgment in favor of appellee, the appellant excepted to the conclusions of law and moved the court for a new trial, which was overruled and also moved for judgment notwithstanding the conclusions of law, which was overruled. The record and assignment of errors filed in this court properly presents all the questions arising out of the rulings of the lower court in this cause.

It is first contended by appellant's counsel that the lower court erred in overruling the demurrer to the complaint. We think the complaint good. The statute by which appellee acquires his right of action is eminently remedial and must be liberally construed; and courts will not indulge such niceties of construction in practice under it, as to render it ineffective, and defeat the very purpose which its authors intended it to serve. *Gilman* v. *Gard*, 29 Ind. 291; *McNamee* v. *Rauck*, 128 Ind. 59; *Midland R. W. Co.* v. *Wilcox*, 122 Ind. 84. It is not necessary in this cause that we pass upon the question of whether or not a well is a structure, within the meaning of section 7265, *supra*. The statute says "all persons who shall perform work or labor in the way of grading, building embankments, making excavations for the track, building bridges, trestle work, works of masonry, fencing, or any other structure, *or who shall perform work of any kind* in the construction or repair of any railroad, or any part thereof, etc.," shall be entitled to a lien. The lower court found that the well which appellee worked upon was a necessary part of appellant's stock yards. The stock yards were upon appellant's right of way, and were owned and operated by appellant, and were certainly a part of the

property of appellant; and work done by appellee in constructing a material part of the stock yards could certainly be classed under "work of any kind," if nowhere else. The case of *Midland R. W. Co.* v. *Wilcox*, 122 Ind. 84, holds adversely to appellant's contention, as to the sufficiency of the notice of lien, and the allegations of the complaint as to the recording of the notice and the finding of the court thereon bring it fairly within the intent of the statute. In holding the complaint good we have disposed of about all of the other questions raised by appellant in this cause. We think that the conclusions of law upon the facts found in this cause are correct, and that all the facts so found were sustained by the evidence, and that the judgment of the lower court was without error. Judgment affirmed.