TRUEBLOOD ET AL. *v.* SHELLHOUSE ET AL.

[No. 2,287. Filed January 14, 1898.]

MECHANIC'S LIEN.—*Assignment by Parol.*—A materialman's lien on a dwelling house may be assigned by parol as the assignment of the account carries with it the lien which is a mere incident of the debt. p. 95.

SAME.—*Notice.—Different Claims.*—A single notice of intention to hold a mechanic's lien may be made the basis of acquiring a lien for several different claims held by one assignee. pp. 95, 96.

SAME.—*Title of Real Estate to which Lien Attaches.*—A mechanic's lien attaches to whatever interest the party for whose use the goods were furnished had at the time of their delivery or which he afterward acquired. pp. 96, 97.

SAME.—*Tacking Claims.*—A materialman who furnished material used in the construction of a dwelling house to a contractor and also to a subcontractor may tack the claim for the material furnished the former to that of the latter. p. 97.

SAME.—*Invalid Items.—Fraud.*—A mere mistake as to some of the items in a materialman's claim, in the absence of fraud, will not defeat his right to a mechanic's lien for other items therein which were valid and just. pp. 97, 98.

SAME.—*Practice.—Variance.*—The assignment of a mechanic's lien alleged to have been made by parol cannot be proved to have been made in writing. p. 98.

SAME.—*Action to Foreclose.—Amendment of Complaint.—Discretion of Court.*—In an action to foreclose a mechanic's lien the court may, in its discretion, permit plaintiff, after the year in which such

action can be brought has expired, to amend his complaint so as to show that the materials were furnished, and that they were furnished for a particular building.  *p. 98.*

MECHANIC'S LIEN.—*Action to Foreclose.*—*Amendment of Complaint.*— In an action to foreclose a mechanic's lien defendants were not harmed by the action of the court in permitting plaintiff to amend his complaint after the issues were formed and the evidence heard, and in refusing to grant defendants time to prepare and file a special answer where the court offered to hear any evidence in contradiction of such amendments.  *pp. 98, 99.*

SAME.—*Materialmen.*—*Partnership.*—*Transfer of Interest.*—Where a complaint in an action to foreclose a mechanic's lien averred that the materials were sold by plaintiffs to defendants and the notice of intention to hold a lien filed by them and the allegations further showed that one of the members of the partnership was not a member thereof at the date of the sale or the filing of the notice, judgment was properly rendered for plaintiffs where the special findings show the sale to have been made and notice filed by the old firm and the formation of the new firm thereafter, as the new member obtained by succession all rights of the old member.  *pp. 99, 100.*

From the Marion Superior Court.  *Affirmed.*

*W. V. Rooker,* for appellants.

*D. A. Myers,* for appellees.

COMSTOCK, J.—This was an action for the foreclosure of a mechanic's lien brought by appellees against appellants.   Rogers, who was made a party defendant to answer to his interest, filed a disclaimer.   There was a trial by the court, a special finding of facts, and decree in favor of appellees.   The action was brought under the provisions of the mechanic's lien law of 1883 (Acts 1883, p. 140), as amended by the act of 1889 (Acts 1889, p. 257), and by the act of 1891 (Acts 1891, p. 28, section 7255, Burns' R. S. 1894).   Appellees sought to recover for materials furnished both the contractor and subcontractor.   Emma Trueblood and Annie Brady severally assign errors.

The special findings are, briefly, in substance, as follows:  On the 4th day of October, 1894, defendant Annie Brady and her husband Jas. G. Brady, entered

into a written contract with one J. C. Riffner to construct a dwelling house on lot number 254, in the city of Indianapolis, Marion county, Indiana, for the sum of $1,650.00, by which said contract, said Riffner was to construct said dwelling house and furnish and pay for the materials therefor, and satisfy the claims of all laborers and subcontractors doing work thereon. After entering into said contract, said Riffner employed one Thomas Mockford as a subcontractor to do the painting and glazing of said dwelling house, for which said Mockford was to furnish all the materials. Said Annie Brady became the owner of said lot on October 19, 1894, by deed of conveyance from Edward F. Claypool and wife, on said date, which deed was duly recorded in the office of the recorder of Marion county, Indiana, on October 30, 1894, and she continued to be the owner of said lot from that time until after the completion of the said dwelling house thereon. At the time of the erection of the said dwelling house, the plaintiffs Conrad H. Shellhouse and Amanda May, together with defendant Frank Rogers, were copartners under the name and style of Shellhouse & Company, and were engaged in the business of selling and furnishing builders' supplies of various kinds in Indianapolis, Indiana. Shellhouse & Company sold and furnished to said Riffner certain materials to be used by said Riffner under his contract in the construction of the said house, and which were so used therein by said Riffner. The said materials are embraced in exhibit A, attached to the complaint. That the last items furnished him was on December 20, 1894; that the balance due on said bill at the time of bringing suit was $20.00; that there are errors in the statement of the amount furnished him of $8.54.

During the construction of said house, said firm of

Shellhouse & Company sold and furnished to said Mockford, to be used by him in carrying out his said subcontract for the painting and glazing of said house, and which were so used by him, the materials set out in exhibit B in the plaintiff's complaint. The dates at which said materials were furnished are the same dates set forth in exhibit B, the last item being furnished on December 27, 1894; that the value of the materials so furnished was $62.10; that the balance due thereon after deducting credits on account of payments thereon was the sum of $11.10, which sum was due and unpaid at the time of the bringing of this suit, and is still due and unpaid.

On the 21st of February, 1895, said Shellhouse & Company filed in the office of the recorder of Marion county, Indiana, a notice in writing of their intention to hold a mechanic's lien on said premises and the dwelling house erected thereon for said materials so furnished and used as aforesaid by said Riffner and Mockford; that such notice was duly recorded in the proper record of said office; that during the times before mentioned, the firm of Shellhouse & Company was composed of said Conrad Shellhouse, Amanda May and Frank Rogers, but that after the filing of said notice of lien, and prior to the bringing of this suit, said defendant Rogers sold all his right, title and interest in and to the business and property of said firm, to the plaintiff Anthony F. Klineschmidt, since which time said Rogers has had no interest in the claims sued upon in this action, and said firm has been composed of the plaintiffs herein, who are owners of the claims in suit. On November 15, 1895, defendant Anna Brady, sold and conveyed said real estate by deed of conveyance, in which her husband joined, to the defendant Emma Trueblood, and the said Emma Trueblood is still the owner thereof; that defendant Sylvester Trueblood,

is the husband of said Emma Trueblood, and has no interest in said real estate otherwise than as such husband.   The findings are substantially the same as the averments of the complaint; with the exceptions of the errors in the amounts, as above stated, and an error in the date of sale of one item on the first bill.   Under the assignment of error appellants' counsel discuss a number of questions which we will consider in the order in which they are presented.   First, "May a material man's lien on a dwelling house be assigned by parol?"

The account being a chose in action was assignable in writing, or verbally.   The assignee by delivery, of a chose in action may sue in his own name, making the assignor a party defendant.   The assignment of the account carries with it the lien, which is a mere incident of the debt.   *Midland R. R. Co.* v. *Wilcox,* 122 Ind. 84; Watson's Ind. Statutory Liens, section 956; *Sinton* v. *Steamboat R. R. Roberts,* 46 Ind. 476; Boisot on Mechanics' Liens, sections 9, 10, 11, 12.   The question must be answered in the affirmative.

Second.   "May a single notice of intention to hold a lien be made the basis of acquiring a lien for several different claims held by one assignee?"   The complaint alleges but one notice of intention to hold a lien.   Two bills of particulars are set out; exhibit A, materials sold to Riffner, and exhibit B, materials sold to Mockford.   This question too must be answered in the affirmative under the decision in *Smith* v. *Newbaur,* 144 Ind. 95.   The plaintiff in said cause sought to foreclose a lien for materials furnished to a contractor and subcontractor at different dates, but one notice of intention to hold a lien had been filed.   Speaking for the court in said opinion, Howard, C. J., said: "Counsel next claim that the court erred in overruling appellant's motion to strike out

parts of the complaint. The parts of the complaint which appellant desired to be stricken out related to the materials furnished to the subcontractors. * * * All the items, however, both those ordered by the contractors and those ordered by the subcontractors, were furnished from time to time for the building in question. * * * The statute, *supra,* section 7255, Burns' R. S. 1894, places subcontractors in the same category with contractors so far as the right to acquire a lien is concerned, and we can see no difference in the rights of those who furnish materials to contractors and those who furnish them to subcontractors. Both contractors and subcontractors have the right to order materials and employ labor for the buildings under contract. If the materials are furnished for the building to one who has authority to place them in it and they are so placed in the building, the right to a material man's lien is thereby acquired. See *Barker* v. *Buell,* 35 Ind. 297.

"A like contention is made in discussing the motion for a new trial. The account filed by appellees, although for convenience and accuracy of reference filed in two bills of particulars, is in all essentials a single account of materials furnished for appellants' dwelling; and the notice of intention to hold a lien therefor being filed within sixty days from the furnishing of the last item, the lien relates back to and includes the whole account." See also Boisot on Mechanics' Liens, section 408.

Third. "To what title does a lien attach, that which exists at the time the goods were furnished, or that which may be subsequently acquired?" The lien would attach to whatever interest the party for whose use the goods were furnished had at the time of their delivery, or what title he might subsequently acquire. If one directed the construc-

tion of a house, assuming to own the land on which it was to be constructed, he would be estopped to deny having an interest in the same after the building of the house. If without the knowledge of the owner, a house should be erected on his land and materials furnished therefor, the parties so furnishing, would have no remedy either against the owner or property. In the case before us there is no attempt to enforce any claim against one who claims to have no interest in the real estate.

Fourth. "May the assignee of a lienor tack an expired claim to one of later date so as to defeat the statutory limitation as to the expired claim?" In the case at bar, sixty days had expired within which notice of intention to hold a lien should be given as to one of the bills. Notice of intention to hold a lien was filed within sixty days from the furnishing of a portion of the articles set out in the second bill. Under the contract between Mrs. Brady and Mr. Riff: ner, the latter was to furnish the materials and do the work required to complete the contract. Riffner could himself have purchased the materials, or have had it done by his agent or subcontractor. It could make no difference to the owner, according to the reasoning in *Smith* v. *Newbaur, supra,* whether the materials were ordered by the contractor or by a subcontractor, and under the last named authority this question must be answered in the affirmative. We do not understand the opinion in *Smith* v. *Newbaur, supra,* to apply to the sale of materials to different contractors, under separate and distinct contracts.

Fifth. "Will the commingling of valid and invalid items in a material man's claim defeat the right to a lien?" The court finds that a part of the items on appellees' claim was not valid. It does not find that

they were fraudulent, and fraud will not be presumed. Such question, therefore, does not arise. A mere mistake as to some of the items certainly would not defeat others which were just and valid.

Appellants also claim that the following questions of practice are presented by the record: First. "If the assignment of a material man's lien on a dwelling house is valid as made in parol, may it be proved to have been made in writing?" This question must be answered in the negative. The record, however, does not disclose that the assignment of the lien was in writing. The evidence is that the interest of Rogers, a member of the old firm, in the old claims and accounts, was sold to Klineschmidt, appellee. The new articles of copartnership entered into by Klineschmidt and the remaining members of the old firm, after Rogers sold his interest to Klineschmidt, simply recite that the said Klineschmidt succeeds by purchase and consent to the interest of Rogers. The articles are not signed by Rogers. Second. "Is it necessary that a material man's complaint show that his goods were furnished for the particular building?" The complaint in this case does aver that the materials furnished were to be used in the construction of the building in question, and that they were used in the construction of the same. Third. "After the year in which an action can be brought has expired, may the complaint be amended so as to show that the materials were furnished and that they were furnished for a particular building?" The court may, in its discretion, permit the amendment of pleadings. The discretion in the case at bar was not abused. Fourth. "If such amendment be made, should the court allow the defendant time to prepare and file a special answer, the amendment being made after trial?" When an amendment is made after the issues are

formed and the evidence has been heard in whole or part, as a rule, time, when requested, should be given to file answer to such amended pleading. The record in the case at bar, however, discloses that when the court permitted appellees to amend their complaint, and refused to grant time to appellants to file affidavits to the effect that on the day appellant, Trueblood, was served with summons in this case she made tender of payment to appellees of the claim in suit, to which ruling appellants excepted, it offered to hear any evidence in contradiction of the amendments made to the complaint, but refused to open up the issues. The appellants were not harmed by this ruling. Fifth. "If several claims are tacked under one notice of intention to hold a lien, should not the complaint treat the account as one to secure the payment of which the notice is filed, or should it treat the claims as separate and show the notice to have been in time to catch each of the different branches of the claim?" What we have already said upon the fourth question of the first series of questions presented in the brief of appellants' counsel is a sufficient answer to this.

It is true, as claimed by appellant, that the complaint avers that the materials were sold by appellees, and the notice of intention to hold the lien filed by them; that the facts further averred also show that appellee Klineschmidt was not at the date of the sale, or of the filing of said notice, a member of the firm of Shellhouse & Co. It must be conceded that these allegations are contradictory. The special findings, however, show the sale of the materials and the filing of the notice to have been done by the old firm, and the formation of the new firm after these acts. In *Ogden* v. *Alexander*, 140 N. Y. 356, 35 N. E. 638, it was held that a member of a firm who acquired the interest of his partners may have a lien for material and

labor furnished by the firm. And in *Mechanic's, etc., Ins. Co.* v. *Brown*, 3 Kan. App. 225, 44 Pac. 35, it was held, that when a member of a firm purchased the interest of the balance of the firm, he obtained by succession all the rights of said firm under a lien which had accrued to the firm for lumber and materials furnished in the erection of the dwelling house.

Upon the facts found, and under the two decisions last named, which we approve, the proper judgment in the case at bar was rendered. We find no error for which the judgment should be reversed. Judgment affirmed.