## HAY ET UX. *v.* CUMMINS.

[No. 12,163. Filed October 16, 1925.]

1. EJECTMENT.—*Where title involved was based on deed by defendant to plaintiffs, evidence of non-delivery thereof was proper.*—In an action of ejectment, where plaintiffs claimed to be the owner of the real estate involved by virtue of a deed executed by the defendant to them, there was no error in admitting evidence to prove the non-delivery of the deed and the ownership of corporate stock which was claimed by the plaintiffs to be the consideration for the land. p. 516.

2. EJECTMENT.—*Finding that plaintiff obtained deed relied on by force justified conclusion of law for defendant.*—In an action of ejectment, a finding that the deed on which plaintiff based his right to possession was obtained forcibly and against the will of the grantor therein justified the conclusion of law that the plaintiff was not entitled to possession. p. 516.

3. APPEAL.—*Questions not within issues not considered.*—Questions presented on appeal that were not within the issues will not be considered. p. 516.

From Clark Circuit Court; *John M. Paris*, Special Judge.

Action by Oscar L. Hay and his wife against Jessie Cummins. From judgment for defendant, the plaintiffs appeal. *Affirmed.* By the court in banc.

*Laurent A. Douglass,* for appellants.

*Harry W. Carpenter* and *Charles Hunt,* for appellee.

NICHOLS, P. J.—This is an action in ejectment. Appellants aver in their complaint that they are the owners in fee simple and entitled to the possession of the real estate involved, and that appellee is unlawfully keeping them out of possession. Appellee answered in general denial, and by a second paragraph of affirmative answer. She also filed a cross-complaint to quiet title, but as no judgment was rendered thereon, we give it no further consideration.

There was a special finding of facts and conclusions of law, upon which judgment was rendered in favor of appellee, and that appellants take nothing. Appellants have assigned as error that the court erred in its findings, and in its conclusions of law; that it erred in overruling appellants' motion for a *venire de novo,* and in overruling their motion for a new trial. In their points and authorities, appellants have only given abstract propositions of law, without making any application of the same to the errors assigned. We have, however, carefully examined the court's findings and conclusions of law, and while there is much in both the findings and the conclusions that is not germane to the issues, and about which questions are presented, there is one finding and one conclusion which is within the issue, and which must determine this appeal.

Appellants claim title to and right of possession of the real estate involved by virtue of a certain deed which they claim was executed and delivered to 1-3. them by appellee, while appellee claims that there was no delivery of such deed. The court finds

by its tenth finding that "on the 14th day of September, 1921, the plaintiff Oscar L. Hay, without invitation or permission entered the home of said Jessie G. Cummins, and without authority and against the wish and protest and objection of the defendant Jessie G. Cummins, forcibly and against her will took said deed into his possession." There is no other finding as to the delivery of the deed under which appellants claim title and right of possession. There was ample evidence to sustain this finding. It appears by other findings that appellants owned but five of the forty shares of certain stock which they claim was the agreed consideration for said real estate, which claim, however was denied by appellee. There was no error in admitting evidence to prove the nondelivery of the deed, and to prove the ownership of the stock offered as the consideration for the real estate. On these findings, the court rightly stated its conclusion of law that the law is with appellee, and its judgment thereon will not be disturbed. We do not consider questions which are not within the issues.

Judgment affirmed.