BEERBOWER ET AL. *v.* GARMAN ET AL.

[No. 17,642. Filed November 20, 1947.]

*Edgar Watkinson* and *Hugh G. Sanders*, both of Auburn, for appellants.

*Mountz & Mountz*, of Garrett, for appellees.

HAMILTON, J.—This is an appeal in an action instituted by appellees, husband and wife, against the appellant, Albert W. Beerbower, to enforce the specific performance of a written contract entered into and executed by said parties on July 30, 1945, by the terms of which contract said named appellant sold and agreed to convey to the appellees a farm owned by said appellant and situated in DeKalb County, Indiana, for and in the consideration of the sum of $9,000, payable $1,000 cash at the time of the execution of the contract, and the balance of $8,000 payable within four months from the date of the contract, upon approval of the abstract of title by appellees. On October 26, 1945, and within four

months after the date of the contract, appellees made a tender of $8,000 in U. S. currency to the appellant, Albert W. Beerbower, as the balance of the purchase price of the real estate described in the contract and demanded conveyance of said real estate. Said appellant Albert W. Beerbower was further notified on said date that the abstract of title was satisfactory and had been accepted. Appellant Albert W. Beerbower refused to accept the tender of $8,000 and failed and refused to execute a deed as provided in the contract of July 30, 1945.

Thereafter, on November 24, 1945, appellees filed their complaint in a single paragraph demanding specific performance of the written contract.

The issues were formed by the complaint and an answer in general denial filed by the appellant, Walter Beerbower, guardian of Albert W. Beerbower, who was made a party defendant by order of court entered December 3, 1946, upon suggestion that appellant Albert W. Beerbower, the defendant, had been adjudged a person of unsound mind and a guardian had been appointed for him.

No answer of any kind was ever filed by the defendant, Albert W. Beerbower, and the execution of the written contract of July 30, 1945, was never denied under oath or put in issue by any pleading. No issue was ever joined as to the mental condition of Albert W. Beerbower on July 30, 1945, or on October 26, 1945. On January 10, 1947, plaintiffs filed a pleading of tender showing the tender and payment of the sum of $8,000 to the clerk of the court for the use and benefit of appellant, Albert W. Beerbower.

The cause was submitted for trial to the court without a jury. Upon request the court found the facts specially and rendered conclusions of law favorable to

appellees. Judgment was duly rendered upon the conclusions of law decreeing specific performance and appointing a commissioner to execute a deed conveying the real estate described in the written contract to appellees.

Appellants' motion for a new trial assigning as reasons therefor (1) that the decision of the court is not sustained by sufficient evidence, (2) that the decision is contrary to law, (3) that special findings of fact Nos. 2, 3, 4, 5, and 6 are not sustained by sufficient evidence was overruled and this appeal perfected.

The errors assigned for reversal are: 1. That the court erred in overruling appellants' motion for a new trial; 2. that the court erred in each of its conclusions of law 1, 2, 3, 4, and 5, respectively.

The facts, as found by the court, are as follows:

"I

"That the plaintiffs are husband and wife.

"II

"That on the 30th day of July, 1945, the defendant Albert W. Beerbower was an unmarried man more than twenty-one years of age, and was the owner and in possession of the following described real estate:

"a. The east fractional one-half (½) of the southwest quarter of section thirty-two (32) in township thirty-three (33) north, range fourteen (14) east, in DeKalb County, State of Indiana, excepting therefrom about one and one-half (1½) acres of land theretofore sold and conveyed and being used for a cemetery, containing 70.10 acres of land:

"Also, part of the west one-half (½) of the southwest quarter of section thirty-two (32), township thirty-three (33) north, range fourteen (14) east in said DeKalb County, containing 1.75 acres of land.

"b. Also that part of the east one-half (½) of the northwest quarter of section five (5), township thirty-two (32) north, range fourteen (14) east in Allen County, Indiana, lying north of the St. Joseph River and containing 10.79 acres of land, more or less.

## "III

"That on the 30th day of July, 1945 the defendant by a contract in writing entered into on said date between the plaintiffs and the said defendant sold and agreed to convey to the plaintiffs upon the terms in said contract set out the real estate described in said contract, which said contract in writing was in the following words and figures, to-wit:

## "REAL ESTATE CONTRACT.

"THIS AGREEMENT Made between Albert H. Beerbower, single and over the age of twenty-one years party of the first part, and Roscoe C. Garman and Eve M. Garman, party of the second part.

"Witnesseth, That the said party of the first part, in consideration of the money to be paid, and the covenants, as herewith expressed to be performed and fulfilled by the party of the second part (the payment of said money, and the prompt performance of said covenants, being a condition precedent, and time being of the essence of said condition) hereby agree upon such payments and performance of covenants to sell to the said party of the second part the Real Estate hereinafter described situated in DeKalb County, in the State of Indiana, and described as follows: to-wit:

"Part of E ½ of SW¼ Sec 32, Township 33 N. Range 14 East. 70.10 acres; Also part of W½ of SW¼ Section 32, Township 33 N. of Range 14 E. 1.74 Acres; Also 10 acres N. of S. 37½ Ch. W ¼ 32-14 Section 5 in Allen County, Indiana.

"And the said party of the second part, in consideration thereof, hereby agrees to pay to the said party of the first part at Spencerville, Indiana

the sum of Nine Thousand ($9,000.00) and no/100 Dollars at the time and in the manner following to-wit: One Thousand and no/100 Dollars when this contract is signed, the receipt whereof is hereby acknowledged; the balance of purchase price of $8,000.00 to be paid in four months from date of this contract or sooner. Or at such time that Abstract of Title and deed can be furnished by party of the first part.

"Taxes due and payable in the year 1945 to be paid by party of the first part.

"Party of the first part is to give possession of the above described Real Estate on or before Jan. 15, 1946, without any relief whatever from valuation or appraisement laws, with interest from the date hereof at the rate of ——— per cent, per annum payable semi-annually until paid, and all costs and attorneys fees, for collection. And the said party of the second part further agrees that he will faithfully keep an insurance on said property in the name of said first party, in some company to be approved by said first party, indorsed, loss, *of* any, payable to ——— in the sum of $——— and in due season, pay or cause to be paid, all taxes and assessments for all purposes and of all kinds whatsoever, levied and assessed upon said Real Estate; which are due for the year ——— and which may hereafter become due; and in case the said party of the second part shall fail to keep such insurance, to pay any or all of said taxes and assessments whenever and as soon as the same shall become due and payable, and the said party of the first part shall at any time provide, pay or cause the same to be paid, the amount so paid by the party of the first part, and all penalties allowed and charged by law, in addition to such insurance, taxes and assessments, shall with ——— per cent, interest thereon become an additional consideration to be paid by the party of the second part for the Real Estate hereby agreed to be sold.

"And the said party of the first part further covenants and agrees with the party of the second part, that upon the payment of the money and interest at the time and in the manner heretofore

specified, and the prompt and full performance of the said party of the second part of all his covenants and agreements herein made, that they, the said party of the first, will convey, or cause to be conveyed, to the said party of the second part, by Warranty Deed, the above described Real Estate subject to all taxes and special assessments.

"Provided Always, That these presents are upon the condition, that in case of the failure of the said party of the second part, his heirs, executors, administrators, assigns in the performance of all or either the covenants and promises on his part to be performed and fulfilled, the said party of the first part, their successors, assigns or legal representatives, shall have the right to declare this contract forfeited and void, and thereupon to recover all the interest which shall have accrued upon this contract as rent for the use and occupation of said Real Estate, and to take possession thereof, and to regard the person or persons in possession on such termination of the contract, as tenants holding over without permission (if that should be necessary to gain prompt possession of the said Real Estate), and to recover all damages sustained by such holding over without permission, or by means of any waste committed or suffered on said Real Estate, and thereupon all interest of said second party in and to the above described premises shall cease and determine, and said first party shall retain all the money which may have been received on this agreement as rent for the use of said property by said second party until the time of such forfeiture.

"IN WITNESS WHEREOF, the said parties have hereunto set their hands and seals this 30th day of July, A. D. 1945.

"/s/ Albert W. Beerbower
"/s/ Roscoe C. Garman
"/s/ Eva M. Garman

"IV

"That on said 30th day of July, 1945 contemporaneous with the execution of said contract, the

plaintiffs paid to the defendant to apply upon the purchase price of said real estate the sum of One Thousand ($1,000.00) Dollars.

"V

"That thereafter on the 26th day of October, 1945 the plaintiffs tendered to the said defendant in legal tender and lawful money of the United States the sum of Eight Thousand ($8,000.00) Dollars, the remaining and unpaid balance of said purchase price of Nine Thousand ($9,000.00) Dollars, fixed as the price of said real estate to be paid by the plaintiffs by the agreement entered into between the parties; and that the defendant refused to accept the said tender of Eight Thousand ($8,000.00) Dollars, or any part thereof and refused to convey the said real estate to the plaintiff or to perform his part of said agreement.

"VI

"That at the time of the submission of said cause the plaintiffs with their pleading of tender filed herein, paid to the Clerk of the DeKalb Circuit Court, as a tender in this cause, and for the use and benefit of the said defendant the remaining balance of said purchase price, being the sum of Eight Thousand ($8,000.00) Dollars, now in the possession of said Clerk."

The conclusions of law as rendered by the court are:

"I

"That the law is with the plaintiffs.

"II

"That the defendant take nothing in this cause.

"III

"That the sum of Eight Thousand ($8,000.00) Dollars tendered and paid by the plaintiffs to the Clerk of the DeKalb Circuit Court is held by the

said Clerk for the use and benefit of the defendant Albert W. Beerbower and that the said Clerk shall pay the said sum to him upon request or demand.

"IV

"That a commissioner should be appointed by this Court to convey to the plaintiffs all of the right, title and interest of the defendant Albert W. Beerbower in and to the real estate described in the plaintiffs complaint and in Finding No. 3 herein.

"V

"That the plaintiffs recover their costs in this action."

The appellants offered no evidence upon the trial of said cause and the evidence before us is without conflict and is sufficient to establish all of the' facts found specially by the court in its special findings of facts.

Appellee Roscoe C. Garman testified as a witness and identified and proved the execution of the written contract between the parties on July 30, 1945; this contract was admitted in evidence as plaintiffs' exhibit 1 without any objection from appellants.

Appellee Roscoe Garman further testified to making a legal tender to appellant Albert W. Beerbower of $8,000 as the balance of the purchase price for the real estate on October 26, 1945, which was within four months from the date of the written contract. He identified as plaintiffs' exhibit 2 the written tender and demand for execution of a deed which was admitted in evidence without any objection by appellants. This exhibit reads as follows:

"To Albert W. Beerbower.

"You are hereby unconditionally tendered the sum of Eight Thousand Dollars, in lawful currency of the United States in payment of the balance of the purchase price for real estate, purchased by

me under contract for a total amount of Nine Thousand Dollars, One Thousand Dollars of which purchase price has been heretofore paid.

"You are also requested to convey the said real estate to me after receiving this balance of said purchase price.

"The abstract of title furnished to me is satisfactory and I have accepted the same.

"Witness my hand and seal this 26th day of October, 1945.

"Roscoe Garman."

The written exhibits 1 and 2 and the testimony of appellee Roscoe Garman, with all reasonable inferences to be drawn therefrom in favor of appellees, is amply sufficient to sustain special findings of facts Nos. 2, 3, 4, 5, and 6, respectively.

Under the assignments of error challenging the correctness of the conclusions of law, appellants seek to present the single question as to the sufficiency of the description of the real estate as contained in the written contract of July 30, 1945.

An examination of the record discloses that the defense of the insufficiency of the description of the real estate as contained in the written contract of July 30, 1945, was not made in any pleading, or shown by the evidence, or by any motion made by appellants in the court below.

It is well settled that a question urged upon appeal for the first time is not available as error where an examination of the whole record shows that the matter did not arise in the trial court either on the pleadings or the evidence or in any other manner. It must appear that the question was presented to and ruled upon by the trial court. *Gagnon* v. *Baden-Lick, etc., Springs Co.* (1914), 56 Ind. App. 407, 417, 105 N. E. 512; *Crabb* v. *Orth* (1892), 133 Ind. 11,

12, 32 N. E. 711; *Hay* v. *Cummins* (1925), 83 Ind. App. 515, 517, 149 N. E. 88; *Simmons* v. *Simmons* (1917), 186 Ind. 575, 577, 116 N. E. 49.

However, under the well-established rule recognized in Indiana to the effect that in construing a written contract for the sale of real estate the description must be construed with the utmost liberality and it is not the office of such description to identify the land but it is sufficient if the description as used furnishes a means of identification, we think the description is sufficient. Parol evidence is admissible to complete, but not to contradict the description. *Frick* v. *Godare* (1895), 144 Ind. 170, 174, 42 N. E. 1015; *Rucker* v. *Steelman* (1881), 73 Ind. 396, 407; *Maris* v. *Masters* (1903), 31 Ind. App. 235, 239, 67 N. E. 699.

Finding no reversible error, the judgment is hereby affirmed.

NOTE.—Reported in 75 N. E. (2d) 556.