INDIANA TOLL ROAD COMMISSION *v.* BARTUSCH.

[No. 19,764. Filed July 9, 1962. Rehearing denied July 26, 1962. Transfer denied September 20, 1963.]

124

*Albert H. Gavit,* of Gary, for appellant.

*Douglas, Douglas & Douglas, Herbert K. Douglas,* of Valparaiso and *Hinds, Sikkenga & Prince,* of Shelby, Michigan, for appellee.

PFAFF, J.—This action was brought by appellee under the Indiana Workmen's Compensation Act for injuries allegedly arising out of and in the course of his employment.

The facts, as stipulated by the parties, are that appellee was employed by appellant as a "toll attendant" and as such was required during the winter season to wear a winter uniform. Appellee had not worked through the preceding winter and did not have a regulation uniform. Appellee's supervisor being apprised of this fact instructed the said appellee to go to the St. Joseph Maintenance Building of the Toll Road Commission near South Bend, Indiana, to be fitted for and procure such a winter uniform. It was arranged that appellee should make the trip to the said Maintenance Building on his day off and that he was to receive a "no revenue" pass to travel over the Toll Road, which means he would not have to pay any toll during his trip.

On the day appointed, the appellee made the said trip, was measured for and received his winter uniform. After so doing he began the return trip home and on the way became involved in an automobile collision and was seriously injured.

The accident occurred on September 13, 1957, and on September 8, 1959, appellee filed his application (Form 9) against appellant alleging injuries on September 13, 1957, as the basis for his claim to compensation and therein stated:

"18. Additional amount claimed as compensation
  "a. $ *none,* on account of medical care and attention, hospital and services and supplies.
  "b. $ *none,* per week for ——————— weeks, total disability.
  "c. $ *none,* per week for ——————— weeks, partial disability."

The hearing was set and the cause heard on November 21, 1961. During the course of the hearing the defendant appellant objected to any evidence being admitted as to medical care, attention, hospital services or supplies or any evidence of disability or impairment because by paragraph 18 (above set out) of the application it is stated that no such claims are made. The appellee made a motion to amend said paragraph 18 to which the appellant objected asserting that the statute of limitations had run with respect to filing any new claim. The Industrial Board overruled appellant's objection and permitted the appellee to amend said paragraph 18.

After the amendment was made and the evidence heard the Industrial Board awarded plaintiff appellee compensation at the rate of $36.00 per week for a period not to exceed 500 weeks, medical expenses covered by statute, costs and attorney fees.

The error relied upon for reversal by appellant is that the award in favor of appellee is contrary to law in that:

"1. Appellee's injuries did not arise out of and in the course of his employment.
2. The amendment permitted at the trial, over appellant's objection to appellee's application for compensation, and the overruling of appellant's objection to amendment, was erroneous, and in any event, the amendment having been made more than two years after the occurrence, did not relate back; and

3. In no event, under the evidence, could appellee be entitled to any recovery for medical or hospital expenses."

The words "by accident arising out of and in the course of the employment," as used in the Workmen's Compensation Act, §40-1202, Burns' 1952 Replacement, should be given a broad and liberal construction in order that the humane purpose of their enactment may be realized. *Kariger Motors, Inc.* v. *Kariger et al.* (1961), 132 Ind. App. 85, 173 N. E. 2d 916, 919; *Broderick Co.* v. *Flemming* (1946), 116 Ind. App. 668, 65 N. E. 2d 257. Here the parties stipulated that appellee was required by appellant to wear a particular type of clothing and that appellee "was instructed" to go to appellant's Maintenance Building to be fitted for and procure a winter uniform. Further, the parties stipulated that "it was arranged" for appellee to go to said Maintenance Building on the said September 13, 1957, and that the appellee was given free passage on appellant's Toll Road for said purpose by said appellant. The stipulation further indicates that appellee complied with the "instructions" given by appellant and procured a uniform and that on the way back from said mission the appellee was injured in an automobile accident.

Although it appears that appellee was injured while engaged in an activity apart from the usual and regular duties required by his employment, such fact does not constitute grounds for denying compensation where, as here, there is some evidence of probative value from which the Board could determine that the activity, culminating in the injury complained of, was incidental to his regular employment and was being performed under the direction of the employer. *Swartout* v. *Niagra Falls Young Men's Christian Ass'n.*

*et al.* (1939), 15 N. Y. S. 2d 625, 258 App. Div. 828; *Pridgen* v. *Industrial Commission* (1950), 70 Ariz. 149, 217 P. 2d 592. The general principle is adhered to in *Emmons* v. *Wilkerson* (1950), 120 Ind. App. 100, 106, 89 N. E. 2d 296, wherein it is stated: "There is an exception to the general rule, in that, an employee . . . on his way home after performing, . . . some special service or errand, or some duty incidental to the nature of his employment in the interest of, or under the direction of his employer, sustaining an accidental injury, is considered to have suffered an injury arising out of and in the course of his employment." We therefore hold that in the light of the facts stipulated and the reasonable inferences derivable therefrom, the Industrial Board could properly find that the appellee sustained a compensable injury arising out of and in the course of his employment.

The power to amend is discretionary with the trier of facts after the cause is submitted to trial. 2 Work's Indiana Practice, Lowe's Revision, p. 82, and cases cited. 23 West's Indiana Law Encyclopedia, *Pleading*, §122, p. 360, and cases cited. The fact that the statute of limitations has run does not in any way alter this discretionary power. *Trueblood et al.* v. *Shellhouse* (1898), 19 Ind. App. 91, 98, 49 N. E. 47, (holding that a complaint to foreclose a mechanic's lien may be amended after the year for bringing suit has expired. This is true although the effect of the amendment is to add additional elements to plaintiff's damages. *Cleveland, etc., R. Co.* v. *Miles* (1904), 162 Ind. 646, 70 N. E. 985. The amendment granted by the Board pertained only to the amount of the claim. The effect of the amendment was merely to perfect the statement of the original application. It did not consistute a new and distinct claim nor a new cause of action. Such

amendments have been universally permitted even after the expiration of the statutory period for filing claims. See 100 C. J. S., *Workmen's Compensation*, §466, p. 360. In our opinion, the Industrial Board properly permitted the amendment complained of.

Appellant further asserts that appellee is not entitled to compensation for medical or hospital expenses because his father paid the bills. However, the record does not reveal a single instance where appellant objected to the introduction of evidence concerning said expenses except upon the ground, as aforesaid, that no claim had been made therefor. Questions raised on appeal for the first time without objection before the trier of facts are waived. *Beerbower v. Garman* (1947), 117 Ind. App. 667, 75 N. E. 2d 556.

Award affirmed.

Kelley, C. J., and Bierly, J., concur; Gonas, J., concurs in result.

NOTE.—Reported in 184 N. E. 2d 34. Transfer denied, Landis, Acting C. J., in which Achor, J., dissents, Myers, J., not participating.