MIKEL *v.* ONTARIO CORPORATION.

[No. 20,556. Filed January 30, 1968. Rehearing denied February 26, 1968. Transfer denied April 8, 1968.]

*Archie Lapin, Donald D. Chiapetta,* of Muncie, for appellant.

*Tony Foster, Bingham, Summers, Welsh & Spilman,* of Indianapolis, and *Richard W. Guthrie, Stewart, Irwin, Gilliom, Fuller & Meyer,* of Indianapolis, for appellee.

BIERLY, J.—This is an appeal from the Industrial Board. It appears from the record that appellant filed an application for compensation on the Industrial Board's Form No. 9, in which he alleged disability and impairment plus medical expenses resulting from accidental injury arising out of and in the course of his employment. A hearing resulted before a single hearing member, who found that the appellant had not sustained an accidental injury arising out of and in the course of his employment and further found that appellant was suffering from chronic bronchitis, which was in no way connected with his employment.

Appellant then filed his petition to review before the full Industrial Board. Prior to their review, appellant discovered that he had misconceived his remedy and he then filed an application for compensation for injuries resulting from an occupational disease arising out of and in the course of his employment, the same being the Industrial Board Form No. 115.

The full Board found that appellant suffered no accidental injury arising out of or in the course of his employment and that the Industrial Board Form No. 115 was not timely filed.

It appears that the appellant has raised only one issue for determination in this appeal, by his failure to comply with Rule 2-17 (h) of the Supreme Court. He has failed to cite any authority except for the following proposition:

"Burns' Indiana Statutes Annotated . . . (40-2220 [1])

". . .

". . . gives a claimant an absolute right to amend his claim *in form* or substance at any time prior to final disposition of a cause. By statutory definition this cause was not finally disposed of. Burns 40-2220(f) reads as follows:

" 'An award of the Board, by less than all of the members as provided in this section, if *not reviewed as provided in this section,* shall be final and conclusive' " (our emphasis).

The above authority is the only authority cited. As can be readily observed, the problem is to determine the import of the words, "final disposition", as they are used in the above statute.

We cannot accept appellant's contention that § 40-2220(f) gives a statutory definition to the words "final disposition" for the definition section of the Act is found at § 40-2205.

Section (f) further states:

"An award by the full board shall be conclusive and binding unless either party to the dispute, within thirty [30] days after receiving a copy of such award, appeals to the Appellate Court under the same terms and conditions as govern appeals in ordinary civil actions, and the Appellate Court shall have jurisdiction to review all questions of law and of fact."

If we were to accept appellant's contention, and follow it to its logical conclusion, appellant could, even while this appeal is pending, file a new form under this Act.

We believe it to be more reasonable to assume that the legislature intended the words "final disposition" to mean the conclusion of the evidentiary hearing before the hearing examiner, and his findings and judgment which he renders thereon.

In any event, in view of the finding of the Industrial Board, any error charged in the failure of the Board to permit the

filing of the Form 115, is harmless error since the ■ Board found that appellant was suffering from a condition known as chronic bronchitis, which condition was in no way brought about in the course of his employment.

We hold that no question has been properly presented in this appeal, which deals with the sufficiency of the evidence.

We are of the opinion that the judgment should be affirmed.

Judgment affirmed.

Carson, C. J., Cook and Cooper, JJ., concur.

Faulconer, J., concurs with concurring opinion.

Smith, J., dissents with opinion, with Pfaff, J., concurring, and Prime, J., concurring in result.

## CONCURRING OPINION

FAULCONER, J.—I concur in that part of Judge Bierly's opinion which states as follows:

"In any event, in view of the finding of the Industrial Board, any error charged in the failure of the Board to permit the filing of the Form 115, is harmless error since the Board found that appellant was suffering from a condition known as chronic bronchitis, which condition was in no way brought about in the course of his employment."

From the evidence in the record before us I am of the opinion that we cannot, on appeal, say that the finding was contrary to law.

## DISSENTING OPINION

SMITH, J.—This appeal is predicated upon an action filed with the Industrial Board of Indiana to recover compensation for temporary total disability and permanent impairment to the claimant-appellant, Donald Tye Mikel, an employee of Ontario Corporation, the appellee herein. The Industrial Board found that the appellant had suffered no accidental injury arising out of or in the course of his employment and that an

Industrial Board Form No. 115, Claim For Compensation under the Indiana Workmen's Occupational Diseases Act, was not timely filed.

Initially, the claimant-appellant filed application for workmen's compensation alleging that he received injuries on or about April 1, 1962, while in the employ of the appellee company. At the initial hearing on April 27, 1964, claimant amended his application, Form 9, alleging that the accident took place on or about January 1, 1962. The appellee, through its insurance carrier, American Mutual Liability Company, was then removed as a party in the case due to the fact that it did not "go on the risk" until January 3, 1962. Shortly thereafter a representative for the General Accident Insurance Company entered its appearance for the appellee. Appellant thereafter filed an amended application on Industrial Board Form 9 alleging that he suffered an accident:

"on or about the 1st day of January, 1962, and from day to day, until on or about the 19th day of June, 1962, the above named plaintiff received personal injuries by reason of a continuing accident.`. . ."

The claim was heard and the hearing member found that on or about January 1, 1962, the appellant did not sustain an accidental injury arising out of and in the course of his employment with the appellee but was suffering from a condition known as chronic bronchitis which said condition was in no way connected with his employment. Within the prescribed time the appellant appealed the case to the Full Industrial Board. At the time the case was set for hearing before the Full Industrial Board appellant filed a new claim for compensation on Industrial Board Form 115, which was entitled as a second amended application, claiming that the plaintiff-appellant incurred an occupational disease while working for the appellee and that he received his last exposure on November 1, 1962. The claim pending before the Full Industrial Board was on the question of whether or not the single hear-

ing member had made a proper decision and whether or not the new claim for compensation was timely filed.

The appellant contends that the Full Industrial Board erred in ruling that appellant's filing claim on Industrial Board Form No. 115, as an amended claim, was not timely filed, and that the Industrial Board should have permitted such filing.

To support his claim, the appellant cites § 40-2220 (L) Burns' Indiana Statutes, which in part reads as follows:

"Whenever any claimant misconceives his remedy and files an application for adjustment of a claim under 'The Indiana Workmen's Compensation Act of 1929' and amendments thereto, and it is subsequently discovered, at any time *before the final disposition of such cause,* that the claim for injury or death, which was the basis for such application . . . may be amended in form or substance or both to assert a claim for such disability or death under the provisions of this act [The Indiana Workmen's Occupational Diseases Act], and it shall be deemed to have been so filed as amended on the date of the original filing thereof, and such compensation may be awarded as is warranted by the whole evidence pursuant to the provisions of this act. When such amendment is submitted further or additional evidence may be heard by the industrial board when deemed necessary. . . ." (Emphasis supplied).

It is the contention of the appellant that this gives a claimant an absolute right to amend his claim application in form or in substance at any time prior to the final disposition of the cause. The appellant further claims that by statutory definition this cause was not finally disposed of. To support this proposition he cites § 40-2220 (f) Burns' Indiana Statutes, which reads as follows:

"An award of the Board, by less than all of the members as provided in this section, *if not reviewed as provided in this section,* shall be final and conclusive" (Emphasis supplied).

Appellant further maintains that § 40-2220 (e) Burns' Indiana Statutes, prescribes the process for the review of an

award made by a single member. In accordance with the provisions made by said statute, the award of a single member, if reviewed, is not a final award. Therefore, as the cause was not finally disposed of, appellant's amendment is valid and must be deemed to have been filed as of the date of the original application.

In the case of *Indiana Toll Road Commission* v. *Bartusch* (1963), 135 Ind. App. 123, 184 N. E. 2d 34, our court through Judge Pfaff stated at page 128 as follows:

> "The power to amend is discretionary with the trier of facts after the cause is submitted to trial. *2 Work's Indiana Practice, Lowe's Revision,* p. 82, and cases cited. *23 West's Indiana Law Encyclopedia, Pleading,* § 122, p. 360, and cases cited. The fact that the statute of limitations has run does not in any way alter this discretionary power. *Trueblood et al.* v. *Shellhouse* (1898), 19 Ind. App. 91, 98, 49 N. E. 47, [this case held] that a complaint to foreclose a mechanic's lien may be amended after the year for bringing suit has expired.

> "This is true although the effect of the amendment is to add additional elements to plaintiff's damages. . . . The amendment granted by the [Industrial] Board pertained only to the amount of the claim. The effect of the amendment was merely to perfect the statement of the original application. It did not constitute a new and distinct claim nor a new cause of action. Such amendments have been universally permitted *even after the expiration of the statutory period for filing claims.* See 100 C.J.S., *Workmen's Compensation,* § 466, p. 360. In our opinion, the Industrial Board properly permitted the amendment complained of." (Emphasis supplied).

It is our opinion in the case at bar the proposed amendment to Form No. 9 did not constitute a new and distinct claim for compensation.

It is further our opinion that the position of the appellant as set out herein is tenable and that the statute of limitations had not expired on July 22, 1963, at the time the original application was filed.

It is further our opinion that the application contained in Form No. 115 was by statute timely filed and that the decision of the Full Industrial Board is contrary to law.

Cause is remanded to the Industrial Board for further action.

Pfaff, J., concurs in dissenting opinion.

Prime, J., concurs in result only of the dissenting opinion.

NOTE.—Reported in 233 N. E. 2d 246.