**O.J. SHOEMAKER, INC.,**
Defendant-Appellant,

v.

**BOARD OF TRUSTEES OF the GENERAL RETIREMENT SYSTEM OF the CITY OF DETROIT and November Properties, Inc., Plaintiffs-Appellees.**

No. 3–684A167.

Court of Appeals of Indiana,
Third District.

July 9, 1985.

Don G. Blackmond, John E. Doran, South Bend, for defendant-appellant.

Bruce A. Cordingley, Phillip L. Bayt, Ice Miller Donadio & Ryan, Indianapolis, Arthur J. Perry, Diamond & Perry, Edward N. Kalamaros, Joseph M. Forte, Edward N. Kalamaros & Associates, P.C., South Bend, for plaintiffs-appellees.

GARRARD, Judge.

O.J. Shoemaker, Inc. (Shoemaker) was named as a defendant in a mortgage foreclosure action so that Shoemaker could answer as to its interest in the subject real estate by virtue of its notice of mechanic's lien. Shoemaker filed a cross-claim seeking to foreclose its lien against the real estate. The St. Joseph Superior Court granted a motion to dismiss Shoemaker's cross-claim for failure to state a claim, specifically on the ground that Shoemaker's notice of mechanic's lien was deficient for its failure to refer to the improvement made on the real estate by Shoemaker. The court entered judgment against Shoemaker on his cross-claim. Shoemaker now appeals raising essentially one issue: Was the notice of lien filed by Shoemaker sufficient to support his action for foreclosure of the lien?

IC 32–8–3–3 provides:

"Any person who wishes to acquire a lien upon any property, whether his claim be due or not, shall file in the recorder's office of the county, at any time within sixty (60) days after performing such labor or furnishing such materials, or machinery, described in [IC 32–8–3–1], a sworn statement in duplicate of his intention to hold a lien upon such property for the amount of his claim, specifically setting forth the amount claimed, the name and address of the claimant and the name of the owner, and shall give legal description, street and number, if any, of such lot or land on which the house, mill, manufactory or other buildings, bridge, reservoir, system of waterworks or other structure may stand or be connected with or to which it may be removed. The name of the owner and legal description of such lot or land will be sufficient if they are substantially as set forth in the latest entry in the county auditor's transfer books at the time of filing of the notice of intention to hold a lien."

Shoemaker filed a notice of mechanic's lien specifically setting forth the amount claimed, Shoemaker's name and address, the property owner's name and address, and the street and number of the lots at which the work was done all as required by the statute. The statute further requires a legal description of such lot or land on which improved structure stands. Shoemaker provided the following legal description of the property:

"Lots 19 through 24 and east 22″ Vac-Bridge Street and West ½ east Mill Race and Vac-alley bet Lots 21 and 22 of Lowell."

The trial court found this description insufficient to satisfy the requirements for establishing a lien and dismissed Shoemaker's cross-claim relying on *Cato v. David Excavating Co., Inc.* (1982), Ind. App., 435 N.E.2d 597.

In *Cato*, the Catos contracted with David Excavating for work at a subdivision the Catos were developing. David Excavating filed a notice to hold a lien against the property. The notice stated David Excavating's intent to hold a lien on certain described land "and also upon the buildings thereon situation ... for work and labor done, and materials furnished ... in and for the erection and construction of said buildings...." 435 N.E.2d at 603. The evidence showed, however, that David Excavating performed no work on the buildings. Instead the company had constructed a roadway for the Catos. The notice of intent to hold a lien made no mention of the roadway although it did describe the land.

The trial court ruled in favor of David Excavating, foreclosing the lien against the property. On appeal, the First District reversed as to the foreclosure. The court noted that David Excavating had complied with the express requirements of the statute. However it held that the statute requires more.

"David Excavating has ignored the basic requirement of the filing of a statement of 'intention to hold a lien upon such property,' i.e., the improvement and the land to which the claimant desires

the lien to attach. Reference to the improvement which is the subject of the lien is vital to a statement of intention to hold a mechanic's lien. The legal description and street and number would indicate nothing about the improvement."

435 N.E.2d at 604. Relying on *Windfall Natural Gas, Mining & Oil Co. v. Roe* (1908), 42 Ind.App. 278, 85 N.E. 722, the court held that "the notice must indicate for what the lien is claimed, i.e., the improvement for which the lien is claimed." 435 N.E.2d at 605. The court concluded that the notice filed by David Excavating was defective not only for its failure to identify the improvement which was the subject of the lien but also for its purported inclusion of the buildings within the scope of the lien when only the land was subject to the lien.

The *Cato* decision was strongly criticized in Townsend, *Secured Transactions and Creditors' Rights*, 16 Ind.L.Rev. 315, 326 (1983). Even the trial court here, despite its reliance on *Cato*, admitted to being confused by that decision.

▪ Although we understand the concerns which the First District tried to address in *Cato*, we cannot agree with the court's conclusion that

"... the statutory requirement of a statement of intention to hold a lien upon property implies that some reference to the improvement be made which will distinguish it from other improvements to which the lien does not attach."

435 N.E.2d at 606. IC 32–8–3–3 implies no such requirement. This statute is designed to give to the record titleholder of the property and any prospective purchasers or money lenders *notice* of a person's *intent* to hold a lien on the property. *Suburban Electric Company, Inc. v. Lake County Trust Company* (1980), Ind.App., 412 N.E.2d 295; *Beneficial Finance Company v. Wegmiller Bender Finance Company, Inc.* (1980), Ind.App., 402 N.E.2d 41. The

express requirements of the statute accomplish that purpose: notice. The fact that "a lien may not be had on one structure for work done on or materials furnished for a different structure," *Cato, supra* at 605, is important only to the attempted enforcement of the lien, not to the notice of it. *See* IC 32–8–3–1 and IC 32–8–3–2 (lien may be had upon building on which work was performed and on the entire land on which the building is situated to the extent of the value of the labor done, material furnished, or either). It is not apparent at this stage of the proceedings, (a 12(B)(6) motion) that Shoemaker is attempting to enforce its lien against a building upon which it did no work.

▪ By fulfilling the requirements of IC 32–8–3–3, a lienholder puts an interested party on notice as to the existence of an encumbrance on certain real estate. With further inquiry, the interested party can discover the extent of the claimed encumbrance. Shoemaker satisfied the statutory requirements. He was not required to refer additionally to the improvements he made to the subject property. The trial court erred by dismissing Shoemaker's cross-claim due to the lack of such a reference.

The trial court's order of dismissal on the 12(B)(6) motion would not be error, however, if for other reasons the notice filed by Shoemaker was so deficient that it appears to a certainty Shoemaker would not have been entitled to relief under any set of facts. *See Martin v. Shea* (1984), Ind., 463 N.E.2d 1092 (standard for reviewing dismissal under TR 12(B)(6)).

▪ The purpose of the mechanic's lien statutes is to afford security to materialmen and laborers upon substantial compliance with the statutes' provisions while protecting the rights of non-debtor owners and others who might acquire an interest in the property. *Mid America Homes, Inc. v. Horn* (1979), 272 Ind. 171, 396 N.E.2d 879; *Beneficial Finance Company v. Wegmil-*

*ler Bender Lumber Company, Inc.* (1980), Ind.App., 402 N.E.2d 41.

"Whether there has been substantial compliance by the lien claimant depends upon the degree of non-compliance with the letter of the statute, the policy which underlies the particular statutory provision in question, and the prejudice which may have resulted to either the owner of the property or other third parties who have an interest in the real estate."

402 N.E.2d at 45.

Without examining specifically what kind of lien notice would be so insufficient as to be subject to a motion to dismiss, suffice it to say that Shoemaker's notice was not so insufficient. The legal description Shoemaker supplied, although itself incomplete,[1] was sufficient, when considered with the street address supplied, to avoid a motion to dismiss. *Cf. Froberg v. Northern Indiana Construction, Inc.* (1981), Ind.App., 416 N.E.2d 451 (legal description given was that of an entirely different parcel from that on which house was built). Any error in that description and any prejudice to a party could only be determined by the court taking evidence. Dismissal was inappropriate.

Accordingly we reverse and remand with instructions to reinstate Shoemaker's cross-claim.

STATON, P.J., and HOFFMAN, J., concur.

---

**1.** IC 32–8–3–3 provides the legal description will be deemed sufficient if it is substantially as set forth in the county auditor's transfer books at the time of filing. We are unable to determine factually whether or not the description was adequate at this juncture.