**THOMAS J. HENDERSON, INC.,**
Appellant (Plaintiff),

v.

**Carl LEIBOWITZ and Penny
Leibowitz, et al., Appellee
(Defendant).**

No. 3–685–A–147.

Court of Appeals of Indiana,
Third District.

March 26, 1986.

John M. Marnocha, Nemeth & Masters,
South Bend, for appellant (plaintiff).

J. David Keckley, Richard J. McDonald,
Edward J. Hardig, South Bend, for appellee
(defendant).

STATON, Presiding Judge.

Thomas J. Henderson, Inc. (Henderson)
appeals from a judgment rendered by the
St. Joseph Superior Court on Henderson's
Complaint on Contract and for Foreclosure
of Mechanic's Lien.   Henderson brought
the suit against Carl and Penny Leibowitz
to recover for remodeling work performed
on a house that Mrs. Leibowitz was pur-
chasing on contract from Philip and Janet
Trytko.

The trial court ruled that Henderson's
lien was deficient for failure to specify the
particular improvement upon which the lien

was claimed. The court entered judgment for Henderson on the contract claim, but the recovery was limited by the court's finding that the contract contained a ten thousand dollar cap or ceiling.

Henderson presents the following issues for review:

I. Did the trial court err in finding the Notice of Mechanic's Lien deficient under IC 32–8–3–3?

II. Did the trial court err in finding that the parties' contract was subject to a ceiling of $10,000.00?

III. Did the trial court err in failing to award prejudgment interest on the recovery?

We affirm in part and reverse in part.

Henderson is a construction contracting firm owned by Thomas Henderson and his wife. Mr. Henderson met with Carl and Penny Leibowitz on January 30, 1980 to inspect the house and discuss the remodeling to be done. Henderson and Mrs. Leibowitz walked through the house and Henderson made notes as they talked. He told the Leibowitzes he thought the work would run around eight thousand dollars minimum and ten thousand dollars maximum. When pressed by Mr. Leibowitz, Henderson told him the outside maximum would be ten thousand dollars, but he did not think it would reach that. The Leibowitzes agreed to pay Henderson on a monthly basis and he was to begin work on February 4, 1980.

Henderson worked on the house in February, March and part of April. He submitted at least three statements to the Leibowitzes during that time. The first statement, submitted at the end of February, detailed labor and material charges of more than eight thousand dollars. A check for four thousand dollars tendered to Henderson at that time was returned for insufficient funds and has never been paid. Subsequent statements submitted by Henderson to the Leibowitzes brought the total for labor and materials to $13,975.00. The Leibowitzes denied receiving the earlier statements, but they did acknowledge receiving a statement on April 10, 1980 for the total amount claimed to be due. They eventually made payments to Henderson or directly to suppliers totalling $4,329.24. Henderson stopped working on the house in early April due to non-payment by the Leibowitzes and Mr. Leibowitz advised him to file a mechanic's lien to protect his interests. Henderson filed his notice of mechanic's lien on April 14, 1980, naming Carl and Penny Leibowitz as owners. The Trytkos conveyed the property by warranty deed to Penny Leibowitz on June 9, 1980. Henderson filed his complaint on April 14, 1981, naming as defendants the Leibowitzes, the Trytkos, Waterfield Mortgage Company, Inc., holder of the first mortgage on the real estate, and River Valley Building Co., Inc., which filed a disclaimer of interest and is no longer involved in the suit.

## I.

### Mechanic's Lien

▐ The trial court ruled in favor of all defendants on the mechanic's lien, holding it invalid for failing to identify the improvement which was the subject of the lien. The court relied upon the First District's holding in *Cato v. David Excavating Co., Inc.* (1982) Ind.App., 435 N.E.2d 597 in which the court said, "the statutory requirement of a statement of intention to hold a lien upon property implies that some reference to the improvement be made which will distinguish it from other improvements to which the lien does not attach." 435 N.E.2d at 606. In *Cato* the contractor who claimed the lien had constructed a roadway through a residential subdivision; but the notice stated that the lien was for work done and materials furnished in the construction of buildings and there was no reference in the notice to the roadway. The Mechanic's Lien statute IC 32–8–3–3 sets forth the following requirements for filing a lien:

Any person who wishes to acquire a lien upon any property, whether his claim be due or not, shall file in the recorder's office of the county, at any time within

sixty [60] days after performing such labor or furnishing such materials, or machinery, described in section 1 [32–8–3–1] of this chapter, a sworn statement in duplicate of his intention to hold a lien upon such property for the amount of his claim, *specifically setting forth the amount claimed, the name and address of the claimant and the name of the owner, and shall give legal description, street and number, if any, of such lot or land* on which the house, mill, manufactory or other buildings, bridge, reservoir, system of waterworks or other structure may stand or be connected with or to which it may be removed. The name of the owner and legal description of such lot or land will be sufficient if they are substantially as set forth in the latest entry in the county auditor's transfer books at the time of filing of the notice of intention to hold a lien.

(Emphasis added). Henderson's notice listed Carl and Penny Leibowitz as owners, gave the street number and legal description of the subject property, and listed the amount of the claim as $12,581.50. This court has expressly rejected the position of the First District in *Cato* and has held that compliance with the statutory requirement of legal description, street and number is sufficient to satisfy the notice purpose of the statute. *O.J. Shoemaker, Inc. v. Board of Trustees* (1985) Ind.App., 479 N.E.2d 1349, 1351. It was not necessary for Henderson to make any reference to the nature of the improvements in order to satisfy the statutory requirement. We reverse the trial court's holding on this issue.

■ The Leibowitzes argue that even if the description of the property was sufficient, the lien should be rejected because it lists only the Leibowitzes as owners when, in fact, at the time the notice was filed the Trytkos were the titleholders of the real estate. On this question the trial court ruled in favor of Henderson, holding that the term owner includes the equitable, as well as the legal owner of a parcel of real estate. The Supreme Court of Indiana held in *Mid AmericaHomes, Inc. v. Horn* (1979) 272 Ind. 171, 396 N.E.2d 879 that "the

'owner' entitled to notice ... is the owner of that interest which may be subjected to the lien anticipated by the notice...." *Id.*, 396 N.E.2d at 883. The Court discussed at some length the concept of owner as contemplated in the mechanic's lien statute, pointing out that such liens are limited to the interest of the owner " 'for whose immediate use or benefit such labor was done or material furnished....' " *Id.*, 396 N.E.2d at 882 (quoting IC 32–8–3–2). In support, the Court cited *Kendall Lumber & Coal Co. v. Roman* (1950) 120 Ind.App. 368, 91 N.E.2d 187 (the interest of a purchaser under a contract is subject to a lien for materials furnished for the building upon the land); and *Fletcher Avenue Savings & Loan Association v. Roberts* (1934) 99 Ind.App. 391, 188 N.E. 794 (a lien may be imposed on whatever interest the individual has who contracts for the work or the material used whether the interest is legal or equitable).

It is true that in order for a mechanic's lien to attach to the *titleholder's* interest for materials and labor used in and on the real estate, such materials and labor must be furnished by the authority and direction of the titleholder. *Miles Homes of Ind. v. Harrah Plumbing* (1980) Ind.App., 408 N.E.2d 597, 600 (citing *Woods v. Deckelbaum* (1963) 244 Ind. 260, 191 N.E.2d 101). There is no claim in this case that the Trytkos authorized or directed the remodeling of the property. Henderson dealt only with the Leibowitzes and only the Leibowitzes received notice of Henderson's intent to hold a lien. The lien could not have attached to any interest the Trytkos had in the property. The lien attached to whatever interest the Leibowitzes had when the labor and materials were furnished and also to the interest subsequently acquired by the conveyance from the Trytkos. *Trueblood v. Shellhouse* (1898) 19 Ind.App. 91, 49 N.E. 47, 49. The lien was valid with respect to the Leibowitzes interest and foreclosure of that interest is the appropriate remedy. Accordingly, the Leibowitzes are also liable to Henderson for reasonable

attorney's fees incurred in enforcing the lien. IC 32–8–3–14.

## II.

### Contract Cap

■ Henderson claims next that there was insufficient evidence to sustain Leibowitzes' contention that the remodeling contract had a cap or ceiling of ten thousand dollars. When this court reviews a claim of insufficient evidence, we look to the evidence most favorable to the judgment together with the reasonable inferences that can be drawn therefrom. If there is substantial evidence of probative value to support the judgment, we will affirm. We do not weigh the evidence or judge the credibility of the witnesses.

Henderson maintained that the oral contract between the parties was a time and materials contract and that the ten thousand dollar figure represented Henderson's ball park estimate of the cost of the remodeling. The Leibowitzes maintain that they asked Henderson to pin it down and relied upon his statement that ten thousand dollars would be the maximum. When the statements for work and materials exceeded ten thousand dollars, Leibowitz protested vigorously. Determination of the terms of an oral contract is a matter for the trier of fact. *Tuthill Corp., Fill-Rite Div. v. Wolfe* (1983) Ind.App., 451 N.E.2d 72, 77. The trial court heard the Leibowitzes testify that they did not agree to a time and materials arrangement. The Leibowitzes and Henderson testified that Henderson said he thought ten thousand dollars would be the maximum. We cannot say that the trial court erred in finding that the contract was subject to a ten thousand dollar limit. The fact that the Leibowitzes continued to make payments after Henderson's lien was filed does not alter that conclusion since the total of their payments was far less than ten thousand dollars.

■ Henderson argues that even if there was a cap on the contract, the Leibowitzes requested extra work which was not contemplated under the original contract; that

the contract was thus modified and Henderson should be compensated accordingly. Henderson had the burden of proving a modification of the contract and is therefore appealing a negative judgment on this issue. We will not reverse a negative judgment unless the evidence leads unerringly to a result not reached by the trial court. *Criss v. Bitzegaio* (1981) Ind., 420 N.E.2d 1221. The testimony was conflicting on what jobs were contemplated by the original agreement and what, if any, extra work the Leibowitzes requested. The trial court, however, found no evidence "that the parties entered into any later agreement increasing or raising the $10,000.00 ceiling for the work." We cannot say that the evidence leads only to a conclusion contrary to that reached by the trial court.

## III.

### Prejudgment Interest

■ Henderson claims the trial court erred in failing to award prejudgment interest on his recovery. He argues that such interest is due under the account stated provision of IC 24–4.6–1–103(b) which allows interest at the rate of eight percent (8%) per annum "... from the date an itemized bill shall have been rendered and payment demanded on an account stated...." (Burns Code 1982 Repl.). An account stated has been defined as "an agreement between parties that all items of account and the balance struck are correct, together with a promise, express or implied, to pay the balance." *Urbanational Devel. v. Shamrock Engineering* (1978) 175 Ind.App. 416, 372 N.E.2d 742, 750. The agreement may be inferred from delivery of the statement coupled with the recipients' failure to object within a reasonable time. *Id.*

We do not agree that an account stated existed in this case. The parties certainly did not agree that all items of account and the balance struck were correct. The Leibowitzes maintained that the balance should not have been more than ten thousand dollars and that the remodeling job was not even finished. When Mr. Leibow-

itz learned of the total amount claimed due on Henderson's last statement he called Henderson and "asked him if he thought he was crazy, that he gave me a quotation on the job for $10,000.00 maximum, and if that was for a bunch of doors when he didn't have the kitchen and bathrooms so that you could use them, and I asked him if he was crazy." The evidence cannot fairly be construed to infer a promise to pay the balance of nearly fourteen thousand dollars.

■ The statute is not the exclusive authority for prejudgment interest. *Moridge Mfg. Co. v. Butler* (1983) Ind.App., 451 N.E.2d 677, 682. Recovery of prejudgment interest is permitted where damages are liquidated or readily ascertainable by fixed rules of evidence and accepted standards of valuation at the time the damages accrued. *Nering v. Stockstill* (1983) Ind.App., 448 N.E.2d 695, 697. When the trier of fact determines liability for damages exists, prejudgment interest is proper only where a simple mathematical computation is required; it is not proper when the court must determine the value of the liability. *Id.* In this case the court was required to determine the value of the Leibowitzes' liability to Henderson. The damages were not readily ascertainable in the face of the competing claims of time-and-materials contract versus contract cap, and charges for extra work versus claims the work was incomplete. For this reason we hold that the trial court did not err in failing to award prejudgment interest.

In summary, we reverse the trial court's decision invalidating Henderson's lien and remand with directions to enter judgment for Henderson accordingly. In view of the validity of the lien, Henderson is also entitled to reasonable attorney's fees from the Leibowitzes incurred in enforcing the lien. The trial court is directed to hold a hearing to determine those fees incurred through and including appeal. In all other respects the judgment is affirmed.

HOFFMAN and GARRARD, JJ., concur.